**Theodore MEISEL, Plaintiff,**

v.

**The NORTH JERSEY TRUST COMPANY OF RIDGEWOOD, NEW JERSEY, Incorporated, First Discount Corp., Merrill Lynch, Pierce, Fenner & Smith, Incorporated and Reynolds & Co., Defendants.**

United States District Court
S. D. New York.
April 10, 1963.

Mermelstein, Burns, Lesser & Goldman, New York City, for plaintiff. By Stanley Goldman, New York City.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated. By Earl J. McHugh, New York City.

WYATT, District Judge.

This motion is by defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated, under Fed.R.Civ.P. 12(f), to strike certain parts of the amended complaint as "immaterial".

The action is against several defendants, the complaint alleging as against the movant a violation of two sections of the Securities Exchange Act of 1934, namely, Sections 7(c) and 10(b), 15 U.S.C. §§ 78g(c) and 78j(b). Federal jurisdiction is based on Section 27 of the Act, 15 U.S.C. § 78aa.

The narrow point raised by the motion is whether punitive damages may be recovered by a plaintiff in an action based on a violation of the Act. It seems clear that the answer is negative, since the Act expressly provides in Section 28, 15 U.S.C. § 78bb, that a plaintiff may never recover more than his "actual damages". The fact that the statutory remedies are additional to any other remedies is of no significance; plaintiff is in any event limited to his "actual damages". In considering the assignability of rights of action under the Act, they have been held to be "remedial" and not "penal". Mills v. Sarjem Corp., 133 F.Supp. 753, 761, see also 770 (D.N.J.1955); International Ladies' Garment Workers' Union v. Shields & Co., 209 F.Supp. 145, 149 (S.D.N.Y.1962).

Motion granted. Technically the matter to be struck is more properly classified as "impertinent", which term includes matters irrelevant to the issues and which are not properly in issue between the parties (2 Moore's Federal Practice, pp. 2312–13); in any event, this should not prevent granting the relief sought.

In paragraph "33" of the amended complaint, the words "punitive damages in the amount of $30,000.00, together with" are ordered stricken.

In paragraph "(g)" of the prayer for relief, the letter "s" in the word "defendants" and the words "Merrill Lynch, Pierce, Fenner & Smith, Incorporated and" and "respectively" are ordered stricken.

So ordered.