Ernest KLEIN, Plaintiff,

v.

SPEAR, LEEDS & KELLOGG, James Crane Kellogg III, Raymond E. Grabowski, Mabon, Nugent & Co., Weingarten & Co., Herman Lass, Lew Sonn, Sidney S. Bobbe, Vanden, Broeck, Lieber & Co., Thomson & McKinnon, Reynolds & Co., and Herman Fins, Defendants.

No. 68 Civ. 5148.

United States District Court
S. D. New York.

July 23, 1969.

Ernest Klein pro se.

Reavis & McGrath, New York City, for defendants Spear, Leeds & Kellogg, James Crane Kellogg III, and Raymond Grabowski; Denis B. Sullivan, New York City, of counsel.

Sidney S. Bobbe, New York City, for defendants Mabon, Nugent & Co., Weingarten & Co., Herman Lass and Lew Sonn, also appearing pro se.

Satterlee, Warfield & Stephens, New York City, for defendant Vanden Broeck, Lieber & Co.; George F. Adams, New York City, of counsel.

Hall, McNicol, Marett & Hamilton, New York City, for defendant Thomson & McKinnon; Donald G. McCabe, New York City, of counsel.

Townsend & Lewis, New York City, for defendants Reynolds & Co. and Herman Fins; Eliot H. Lumbard, Daniel E. Kirsch, New York City, of counsel.

## OPINION

COOPER, District Judge.

On December 27, 1968 plaintiff, *pro se*, brought this suit against a total of twelve defendants charging in four separate claims that they violated the Securities Act of 1933 and the Securities Exchange Act of 1934 by manipulating the price at which certain stock owned by plaintiff was purchased and sold.

All defendants herein, moving separately, seek summary judgment[1] dismissing this action, or, alternatively, severance of the first cause of action and an order requiring plaintiff to furnish an undertaking for the payment of the costs of this suit, including reasonable attorneys' fees.

Plaintiff is an habitual litigant specializing in suits against brokerage firms and their attorneys. He has commenced eight successive actions against defendants Spear, Leeds & Kellogg, James C. Kellogg, III, and Raymond E. Grabowski (Kellogg defendants) since 1965, three in federal court and five in state court, none of which has concluded in plaintiff's favor. At least four of these suits still appear to be outstanding, including the instant action and Klein v. Kenney, et al, 68 Civ. 4970 (in which companion motions by the Kellogg defendants have been decided by this Court today) filed in this District. The other four, including Klein v. O'Donnell & Co., et al, 65 Civ. 3684, filed in this District in 1965, have all terminated sooner or later for lack of prosecution. See Sullivan affidavit, January 15, 1969; Sullivan letter, June 25, 1969.

We are further informed that plaintiff has commenced some four lawsuits, including the instant action, against Mabon, Nugent & Co., Weingarten & Co., Herman Lass and Lew Sonn (Nugent defendants). After Sidney S. Bobbe, attorney for the Nugent defendants, successfully defended the Nugent defendants in the first suit by obtaining summary judgment against plaintiff, he was himself named as a defendant in plaintiff's last three actions. As a result of this litigation, Bobbe additionally has been twice sued by plaintiff for several million dollars for alleged slander and libel. Both complaints were dismissed.

The pattern plaintiff follows is clear and by no means restricted to these defendants. From the moving and supplementary papers submitted to us by all parties herein it is evident that in the past five or six years plaintiff has initiated well over thirty lawsuits against an extremely large number of defendants. He is rarely, if ever, content to lose an action. Such defeats merely

---

1. Although certain defendants have moved only pursuant to Rule 12(b) (6), F.R. Civ.P., we have been presented with matters outside the pleadings by all parties herein and we therefore treat all motions as made pursuant to Rule 56, F.R. Civ.P.

serve as springboards for libel actions against the attorney for the prevailing party, for repetitious suits against the successful side, for criminal complaints, etc. See, *e. g.*, Bobbe affidavit of May 16, 1967 attached to motion papers of Nugent defendants herein; Bobbe affidavit of April 7, 1969; Sullivan affidavit of January 15, 1969; Sullivan supplementary affidavit of January 20, 1969; Sullivan letter of April 7, 1969 and transcript of testimony of H. L. Klein attached thereto. Most of these suits were in state courts, but several have been in federal courts. Out of this volume of litigious enterprise, plaintiff asserts that he obtained verdicts in his favor in three actions. Additionally, he claims to have received settlements ranging from $150 to $5000 in some seven of his lawsuits. See plaintiff's reply affidavit, May 7, 1969.

An example of how plaintiff uses one claim as a base from which to generate a seemingly endless current of litigation is provided in capsule form by Judge Tyler in Klein v. Bower et al, CCH Fed. Sec.L.Rep. ¶ 92,362 n. 7 (S.D.N.Y.1967):

"So vigorous and so persistent has the plaintiff been in seeking redress for his alleged grievances that there appears to be an injunction outstanding in the Supreme Court of New York forbidding continuance of that course of conduct. In addition to the previous civil litigation in the state courts, it seems that plaintiff has, *inter alia,* (1) filed at least one complaint each with the District Attorneys of New York and Queens counties, (2) summoned certain of the defendants before the New York County Criminal Court, (3) filed charges against certain of the defendants who are notaries before the Secretary of State of New York,[2] (4) filed a tort action in Kings County Supreme Court, and (5) filed an additional complaint with the New York County District Attorney charging perjury in connection with certain exhibits used in the state court litigation. All of these activities pertained to the transactions which underlie the instant litigation. Each seems to have been terminated by a finding in favor of the defendants."

The injunction order referred to by Judge Tyler forbids further annoyance and harassment by plaintiff of a law firm that had represented a defendant in a prior action instituted by plaintiff. See Bower v. Klein et al, Sup.Ct., N.Y. County, index no. 5810/1968, July 10, 1968 (Murphy, J.). That order has been affirmed and a writ of prohibition brought by Klein against Justice Murphy, who ordered the injunction, has been unanimously denied by the Appellate Division, First Department. In the short time since Judge Tyler's decision plaintiff has been held in civil and criminal contempt and fined $250 (or ten days in jail) for deliberately violating provisions of that injunction order. See Bower v. Klein et al, index no. 5810/1968, order of Justice Samuel Gold, Supreme Court, New York County, May 21, 1969.

We could continue with this sorry recital almost indefinitely. The point is, although it hardly needs stating, that plaintiff has taken great liberty with the liberty of judicial process—apparently a violent abuse of it. Nevertheless, as is our duty, we are constrained to and do measure the legal effectiveness of his papers with that preciseness which the law commands in respect of claims asserted by the most deserving of litigants. We point out that we have not before us a limping inarticulate plaintiff. We learn that he has been assisted in the drawing of his papers by a practicing attorney (or attorneys); his oral argument before us (on the return day of these motions) was clear in expression, vigorously bitter in its

2. It should be noted that after the Secretary of State dismissed this complaint, Klein brought an Article 78 proceeding against the Secretary, which was dismissed by Justice Hart of the Supreme Court, Kings County. See N.Y.L.J., February 11, 1969, pp. 15–16.

denunciation and inexhaustible (after a full hour of screeching, he appeared as refreshed as at the start).

Taking up the question of summary judgment first, we consider each cause of action separately in passing upon defendants' motions.

### First Cause of Action

This claim is alleged against the Kellogg defendants, the Nugent defendants (including Sidney S. Bobbe), and Vanden, Broeck, Lieber & Co. (Vanden).

At the outset, we find plaintiff barred by collateral estoppel from asserting what appears to be at least the major portion of his first cause of action.

■ The heart of this action (certainly with respect to injuries claimed) is plaintiff's allegation that the liquidation of his account by Weingarten & Co. was in breach of his agreement with them, and that as a result plaintiff was damaged to the extent that he never received the stock he had purchased.

From the affidavits and exhibits submitted by the Nugent defendants and not disputed by plaintiff, it appears that plaintiff raised an identical allegation of breach of this same agreement as the basis for an action brought by him against Weingarten & Co. and Mabon, Nugent & Co. in the Supreme Court, Kings County, New York.

On July 17, 1967, Justice Feiden of that court granted defendants' motion for summary judgment and directed entry of judgment for defendant and dismissal of plaintiff's complaint. Upon reargument on September 18, 1967, he adhered to his original decision granting summary judgment of dismissal. Justice Feiden filed an undated and unpublished memorandum setting forth his reasons for granting summary judgment. In that memorandum he made clear that dismissal was based on the absence of any merit to the cause of action, and not on the statute of limitations or any other ground.

On February 28, 1968, plaintiff's appeal from Justice Feiden's order granting summary judgment was dismissed for failure to prosecute by the Appellate Division, Second Department. On July 16, 1968, Justice Feiden, finding no substance to plaintiff's claim of newly discovered evidence (an alleged endorsement on the back of the $1000 deposit check given Weingarten & Co.), denied plaintiff's motion for a rehearing as untimely.[3]

There has thus been a valid final adjudication in the State courts which conclusively establishes defendants breached no agreement with plaintiff by liquidating his account and that plaintiff suffered no compensable injury as a result thereof. Plaintiff is bound by that determination and cannot relitigate that issue here. See 1B Moore, Federal Practice ¶ 0.405 [4.–1] at 637, ¶ 0.409 [1] at 1007–1008, and ¶ 0.441 [2] at 3778–3779 (2d ed. 1965). See also, Abramson v. Pennwood Investment Corp., 392 F.2d 759 (2d Cir. 1968); Klein v. Spear, Leeds & Kellogg, N.Y.L.J. May 23, 1969, p. 18 (Justice Rinaldi granted summary judgment for defendants in an action based on substantially the same facts as those alleged herein, but sounding in state law). Despite an absence of mutuality with regard to certain of the defendants herein, plaintiff is colaterally estopped from relitigating that portion of his first cause of action, even against these new defendants. See Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944, 953–957 (2d Cir. 1964); Israel v. Wood Dolson Co., 1 N.Y.2d 116, 120, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956); Klein v. Bower, CCH Fed.Sec.L.Rep. ¶ 92,361 (S.D.N.Y. 1969). See also, 1B Moore, Federal Practice ¶ 0.441 [3] and ¶ 0.412 (2d ed. 1965).

While not spelled out in plaintiff's complaint, the papers before us nevertheless indicate that if plaintiff's allegations are found to be true, he has indeed suffered some pecuniary loss. Plain-

---

3. Plaintiff attempts to reassert this same claim of newly discovered evidence before this Court.

tiff placed $1000 on deposit with Weingarten & Co. Following the liquidation of his account, that deposit was returned to plaintiff, less the net loss suffered in the purchase and sale of his securities and brokerage commissions thereon. Thus, plaintiff received back only $848.03. See Answer and Exhibits A, B and C attached as exhibits to the Motion for Summary Judgment of the Nugent Defendants, January 22, 1969.

Plaintiff alleges that defendants, acting in concert, defrauded plaintiff by means of certain manipulations which created an artificially high price in Superior Oil stock; that the Kellogg defendants and Vanden each sold ten shares of Superior Oil for their own account and profited from the price manipulated to above the prevailing market; that these twenty shares sold by the Kellogg and Vanden defendants were purchased by the Nugent defendants for plaintiff's account.

■ We are constrained to find that, if substantiated, plaintiff would have been injured to the extent that his full $1000 deposit was not returned. See Klein letter, May 19, 1969. Plaintiff, in addition to compensatory damages seeks substantial punitive damages. We note in passing that at least to the extent plaintiff's claim rests upon violations of the Securities Exchange Act of 1934 he is only entitled to recover his actual damages. Section 28(a) of the S.E.A., 15 U.S.C. § 78bb(a). See Green v. Wolf Corporation, 406 F.2d 291, 302–303 (2d Cir. 1968); Meisel v. North Jersey Trust Co., 216 F.Supp. 469 (S.D.N.Y. 1963); Globus v. Law Research Service Inc., 287 F.Supp. 188 (S.D.N.Y.1968), appeal docketed, No. 32766–68 (2d Cir. Oct. 4, 1968).

Defendants assert various other grounds in support of their motions for summary judgment; perhaps of principal importance, that plaintiff's first cause of action is barred by the statute of limitations.

■ The transactions sued upon in this first cause of action were completed by December 7, 1962. Plaintiff's complaint herein was filed December 27, 1968. To the extent that plaintiff's claim is one under Section 9 of the Securities Exchange Act, 15 U.S.C. § 78i, we find that action barred by subsection (e) thereunder, which provides that no action may be maintained "unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation."

■ Plaintiff, however, has also made out a claim under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10b–5.[4] See 3 Loss, Securities Regulation at 1781 and n. 334 (2d ed. 1961). There being no applicable federal statute of limitations, we borrow the limitations applicable under the law of the forum state. See Saylor v. Lindsley, 302 F.Supp. 1174 (S.D.N.Y. April 16, 1969). The applicable New York period of limitations is six years. *Id.*

■ While more than six years passed between the date the cause of action arose and the commencement of this suit, plaintiff by affidavit alleges, although somewhat conclusorily, that he did not, nor could he with reasonable diligence, discover these fraudulent manipulations engaged in to his detriment by his agents and others prior to 1968. See Plaintiff's Affidavit in Opposition to Motion of Nugent Defendants, March 20, 1969, pp. 7–8 and 17. See also, Complaint, *supra* at ¶ 41. In light of these allegations, although neither set forth in his complaint nor in adequate detail, we cannot hold in a

4. Plaintiff may also have made out a claim under Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Such a claim would be subject to the same state statute of limitations governing suits under Rule 10b–5. See Bromberg, Securities Law at 41, n. 105 (1967); Dack v. Shanman, 227 F.Supp. 26 (S.D.N.Y. 1964). See also, Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 n. 2 (2d Cir. 1951).

motion for summary judgment that plaintiff is time barred; if believed and substantiated, these allegations would entitle plaintiff to the benefit of either the special New York accrual rule for actions based on fraud, C.P.L.R. §§ 206(c) and 203(f), or, in any event, the federal equitable doctrine of fraudulent concealment. See Saylor v. Lindsley, *supra*. We are constrained to hold that he has raised a genuine issue of fact in this regard. Plaintiff need not prove active concealment on the part of defendants. He need only show that he remained in ignorance of the fraud of his fiduciaries without any fault or want of due diligence or care on his part. See Saylor v. Lindsley, *supra* at n. 28.

■ It is plaintiff's burden, however, to set forth with specificity in his complaint sufficient facts "as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see, whether by the exercise of ordinary diligence, the discovery might not have been before made." Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80, 88, 90 A.L.R.2d 252 (2d Cir. 1961). This plaintiff has failed to do. Nevertheless, in view of plaintiff's allegations in his affidavit and the liberal amendment provisions, we are obliged to grant plaintiff leave to amend in conformity with this decision. See Rule 15(a), F.R.Civ.P. See also, Saylor v. Lindsley, 391 F.2d 965, 970 (2d Cir. 1968). Failing such an amendment within thirty days from the date of this order, plaintiff's first cause of action shall be dismissed as barred by the statute of limitations.

■ Assuming plaintiff chooses to amend his complaint, we turn to defendants' allegations that the first cause of action fails to state a claim upon which relief can be granted. Treating these as motions for summary judgment (as we said we would), we hold defendants Bobbe, Sonn and Lass entitled to summary judgment dismissing the complaint as to them with costs to be assessed against plaintiff.

Plaintiff by affidavit states:

"The cause of action against 'Bobbe' [Sonn and Lass] is based upon his alleged conspiracy with the other defendants named in the First Cause of Action, to conceal and circumvent the discovery of the aforementioned violations and fraudulent acts." Plaintiff's Affidavit in Opposition to Motion of Bobbe Defendants, March 20, 1969, ¶ 71, 74 and 77.

These allegations of fraudulent concealment, patently frivolous as to Bobbe (see plaintiff's specific allegations as to Bobbe's "acts of concealment" in his Affidavit, *supra* ¶ 71–73), fail to state a federal cause of action under either the Securities Act or the Securities Exchange Act. Since these three defendants are not alleged to have participated in the manipulative transactions complained of, and since only violations of federal law over which we have exclusive jurisdiction are relied upon by plaintiff, Bobbe, Sonn and Lass are entitled to be dismissed as parties defendant. Moreover, we do not believe that plaintiff's allegations of fraudulent concealment state a separate cause of action, state or federal; rather, if proved, these allegations serve to toll the running of the statute of limitations as to the underlying fraud claim.

■ In all other respects, defendants' allegations that this first cause of action fails to state a claim upon which relief can be granted must be denied as we have previously indicated. See Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944). Cf. Schoenbaum v. Firstbrook, 405 F.2d 215 (2d Cir. 1968).

■ Finally, defendants' contention that this action, based on claims over which the federal court has exclusive jurisdiction, must be dismissed because an action is still pending against defendants in state court is without merit.

In summary, defendants Bobbe, Lass and Sonn are dismissed as defendants herein with costs assessed against plaintiff. To the limited extent this first cause of action is not barred by col-

lateral estoppel, plaintiff must within thirty days from the date of this decision amend his complaint to set forth his allegations of fraudulent concealment, failing which this first claim shall be dismissed in its entirety as time barred.

### Second Cause of Action

This claim is alleged against the Kellogg defendants and against Thomson & McKinnon (Thomson).

We find plaintiff's complaint sufficient to state a cause of action against both defendants. Further, in light of plaintiff's assertions in his complaint and in his affidavit of March 26, 1969 we must hold he has raised on its face a genuine issue of material fact as to the participation of Thomson in the alleged wrongful market manipulation of the Kellogg defendants.

Unable to agree with defendants that plaintiff has failed to state a claim upon which relief can be granted, we turn to defendants' alternative grounds for summary judgment that the statute of limitations bars this action.

The transactions sued upon in this second cause of action took place in January of 1963. For the reasons set forth with respect to the first cause of action, to the extent plaintiff's claim is under Section 9 of the Securities Exchange Act it is hereby dismissed as time-barred. However, to the extent plaintiff's action is brought pursuant to Rule 10b–5 or Section 17(a), his suit was filed prior to the expiration of the applicable six year period and may not be dismissed.

### Third and Fourth Causes of Action

The defendants in these claims are Reynolds & Co. and Herbert Fins (Reynolds defendants) and the Kellogg defendants (only in the third cause of action).

The Reynolds defendants, in pursuance of a compromise and settlement entered into between plaintiff and Reynolds, move this Court to dismiss plaintiff's third and fourth causes of action herein as against the Reynolds defendants. See Stipulation of Discontinuance, June 17, 1969. There being no opposition, both claims against the Reynolds defendants are dismissed with prejudice and without costs, as provided for in their agreement. We need not decide whether the source of our power to effect such a dismissal upon compromise is Rule 21 or 41(a) (2), F.R.Civ.P., or the inherent power of the court. See generally, Broadway & Ninety-Sixth Street Realty Corp. v. Loew's, Inc., 23 F.R.D. 9, 11 (S.D.N.Y.1958). See also, Harvey Aluminum Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953); 5 Moore, Federal Practice ¶ 41.06–1 (2d ed. 1964).

This compromise and settlement of the claims against the Reynolds defendants automatically eliminates plaintiff's fourth cause of action, as to which no other defendants are named. The question here is whether the third cause of action, asserted against the Kellogg defendants as well as Reynolds, should also be dismissed in its entirety.

Plaintiff's settlement with Reynolds provides in part that Reynolds shall vacate its $6100.00 judgment outstanding against plaintiff in Civil Court, New York County. See Klein Letter, June 6, 1969. Plaintiff's third cause of action demands judgment in the amount of $6100 "in order to clear the aforesaid judgment entered in Civil Court, New York County." See Complaint, December 27, 1968, p. 25. Apart from that, plaintiff only seeks "punitive damages in a sum to be assessed by the Court." *Id.*

The issues thus presented are: (1) whether punitive damages may ever be allowed in an action based on violations of the federal securities laws; and (2) assuming punitive damages are not precluded *per se,* may they ever be allowed against one defendant where plaintiff's settlement with the other defendant on its face and by plaintiff's own admission appears to have satisfied all of the actual damages prayed for by plaintiff. We are forced to conclude that the

answer to both questions must be in the affirmative.

■ With regard to the first issue, punitive damages are not recoverable in an action brought under the Securities Exchange Act. See Section 28, 15 U.S.C. § 78bb; Green v. Wolf Corporation, 406 F.2d 291, 302–303 (2d Cir. 1968); Meisel v. North Jersey Trust Co., 216 F.Supp. 469 (S.D.N.Y.1963); Globus v. Law Research Service Inc., 287 F.Supp. 188 (S.D. N.Y.1968), appeal docketed, No. 32766–68 (2d Cir. Oct. 4, 1968). Accordingly, the Kellogg defendants are entitled to a dismissal of plaintiff's third cause of action to the extent that it rests upon violations of Section 9 or Section 10(b) of the Securities Exchange Act.

■ Once again, however, plaintiff appears to have satisfied the prerequisites for an implied cause of action under Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). See Dack v. Shanman, *supra;* Globus v. Law Research Service Inc., *supra*, 287 F.Supp. at 194. A Section 17(a) claim of intentional fraud has been held to permit an award of punitive damages. See Globus v. Law Research Service Inc., *supra.*

■ Turning as we must to the second issue, we are of the opinion that plaintiff is entitled to maintain his claim for punitive damages against the Kellogg defendants, even though plaintiff's claim for compensatory damages has apparently been fully satisfied by virtue of his settlement with Reynolds. While plaintiff of course could not obtain double recovery and thus would not be permitted to receive any award of compensatory damages from the Kellogg defendants, nevertheless we conclude that plaintiff is entitled to prove his cause of action in that regard so as to satisfy the showing of actual damages prerequisite to punitive damages.

The better-reasoned authority appears to require only the showing of actual damages and not demand that they actually be awarded. See Case Note, Punitive Damages—No Recovery When Compensatory Damages Are Compromised, 23 U.Miami L.Rev. 261 (1968) (the author therein disagrees with Stephenson v. Collins, 210 So.2d 733 (Fla. 1st Dist.1968) which held elimination of compensatory damages from suit by compromise and settlement terminates any right to proceed further for punitive damages. The majority rule is said to be that a mere showing of actual damages suffices); Wardman-Justice Motors Inc. v. Petrie, 59 App.D.C. 262, 39 F.2d 512, 69 A.L.R. 648 (1930); Cherno v. Bank of Babylon, 54 Misc.2d 277, 282 N.Y.S.2d 114 (Sup.Ct.1967); Topanga Corp. v. Gentile, 249 Cal.App.2d 681, 58 Cal.Rptr. 713 (2d Dist.1967). See also, 22 Am.Jur.2d Damages §§ 241–42 (1965); 15A C.J.S. Compromise & Settlement §§ 24–28 (1967); Sankin v. 5410 Conn. Ave. Corp., 281 F.Supp. 524 (D.D.C.1968). Cf. Linn v. United Plant Guard Workers, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). To hold otherwise would be in conflict with the well-considered policy which favors settlements, even if they are conclusive of only some of the issues and as to only some of the parties.

Finally, we observe in passing that the Kellogg defendants' allegation that the Reynolds defendants are necessary parties to this litigation is not relevant in the context of this settlement.[5]

### Severance

The Nugent defendants move for a severance of the first cause of action of

---

5. The Kellogg defendants move additionally for an order pursuant to Rule 6(b), F.R.Civ.P., extending the time within which they must answer to "ten days after the decision of the above motions." Having moved pursuant to Rule 12(b), F.R.Civ.P., for dismissal for failure to state a claim (and regardless of the fact we treated such motion as one for summary judgment), the time provisions of Rule 12(a), F.R.Civ.P., automatically alter and extend defendants' time to answer *as per defendants' request and without* the need of a court order since these motions to dismiss were not fully granted.

the complaint on the ground that there is no question of law or fact common to all defendants or all causes of action herein, and that the continued joinder of the first cause of action with the other remaining actions would be prejudicial to the defendants to the first action.

■ We find this motion premature. Defendants fail to carry the burden of detailing the prejudice they allegedly face by a consolidated trial of all actions. See Rule 42(b), F.R.Civ.P.; 5 Moore, Federal Practice ¶ 42.03 at 1211 (2d ed. 1968). Accordingly, we deny defendants' motion for a severance without prejudice to renewal before the trial judge.

### Security for Costs

Finally, all defendants move for an order requiring plaintiff to furnish an undertaking for the payment of the costs of this action including reasonable attorneys' fees.

Section 11(e) of the 1933 Act, 15 U.S.C. § 77k(e), provides authority for ordering the posting of just such a bond in this action since plaintiff alleges claims under the 1933 Act as to all three remaining causes of action. Having dismissed plaintiff's claims under Section 9 of the 1934 Act, the costs provision of that section is inapplicable here. However, rule 2 of the Civil Rules for the Southern and Eastern Districts provides additional authority, if any is needed, for requiring the filing of a bond for costs (though not expressly providing for any attorneys' fees).

■ As detailed at the outset of our opinion, plaintiff is an inveterate litigant whose claims have been almost uniformly denied when the merits were reached. We would be remiss if we did not point out again that in addition to his past litigious history we have had ample opportunity to observe plaintiff first-hand during the course of his one-hour argument before the Court with regard to this motion.

Plaintiff's poor track record as an irresponsible litigator worsens still upon examination of the enormous number of complaints that he has filed and abandoned and that have been dismissed at varying stages for lack of prosecution. Particularly significant here is the fact that plaintiff commenced an earlier federal suit, Klein v. O'Donnell & Co. et al, 65 Civ. 3684, on December 3, 1965 against several of the defendants herein as well as several who are defendants in Klein v. Kenney et al, 68 Civ. 4970. That earlier suit was dismissed on March 6, 1968 for lack of prosecution. Considerable expense had already been incurred by defendants by the time of the dismissal. Plaintiff's motion eight months later to be relieved of the consequences of that dismissal was denied on December 3, 1968.

Although eager to litigate, plaintiff is apparently extremely reluctant to satisfy judgments obtained against him:

"As the result of various enforcement measures plaintiff [Walston & Co.] has collected all but about $1,900 of the $13,000 judgment amount. In addition to moving several times unsuccessfully for a stay of enforcement proceedings, defendant [Klein] has commenced ten proceedings against plaintiff, certain of its officers and employees, and its attorneys, alleging such matters as conspiracy and libel and slander. Some of these have been dismissed on the merits, others on the ground of res judicata, while some are still pending." Walston & Co. v. Klein, 44 Misc.2d 607, 609, 254 N.Y.S. 2d 734, 736 (Sup.Ct.1964), aff'd, 24 A.D.2d 559, 260 N.Y.S.2d 831 (1st Dept.1965).

We are on notice of plaintiff's litigious nature and upon all of the foregoing we believe we would be remiss in our duty were we not to grant defendants security for costs. See Leighton v. Paramount Pictures Corp., 340 F.2d 859 (2d Cir. 1965); Miller v. Town of Suffield, 249 F.2d 16 (2d Cir. 1957). See also, Klein v. O'Donnell & Co. et al., 65 Civ. 3684 (S.D.N.Y. June 12, 1967 and August 18, 1967) (Judge Wyatt granted

motion of Rose defendants therein for security for costs in the sum of $500).

Even though from the papers before us it cannot be said that plaintiff's instant action is obviously and utterly without merit,[6] plaintiff will be required to post security for costs within reason. See Leslie One-Step in Pennsylvania, Inc. v. Audiofidelity, Inc., 33 F.R.D. 16, 17 (S.D.N.Y.1963). We must, of course, do nothing to impede the prosecution of claims which appear legally adequate on their face, and we must ensure that the security requirement be a reasonable measure "designed to further the effective administration of this suit" without unduly prejudicing Klein in the pursuit of his claim. See Leighton v. Paramount Pictures Corp., supra, 340 F.2d at 861; Farmer v. Arabian American Oil Co., 285 F.2d 720 (2d Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 60, 5 L.Ed. 2d 53 (1960). See also, Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

Accordingly, defendants' motions are granted (except as to the Reynolds defendants and Bobbe, Sonn and Lass, as against whom the complaint has been dismissed). In the event plaintiff satisfactorily amends his complaint as to the first cause of action, plaintiff is directed to post an original bond for costs in the amount of $2500 covering all seven of the then remaining defendants and all three of the then remaining causes of action herein. Should plaintiff fail to amend his complaint as required and the first cause of action be dismissed in its entirety, plaintiff is directed to post an original bond for costs in the amount of $1500 covering all four of the then remaining defendants and both remaining causes of action. We fix the amounts of the bonds with great restraint. We wish to point out that if sufficient persuasive information in affidavit form had been provided, we

would have been inclined to include attorneys' fees as part of the security required pursuant to Section 11(e) of the Securities Act.

Pending the posting of the security herein required, all proceedings on the part of plaintiff will be stayed. Additionally, this shall be without prejudice to a subsequent motion for an order increasing (or decreasing) the amount of the bond for good cause shown.

This shall be considered an order; settlement thereof is unnecessary.

Court are denied. Assuming *arguendo* that we possess such power, the papers before us do not permit us to make the necessary findings as to this case.

---

6. Defendants' motions to dismiss plaintiff's complaint on the ground that it was not commenced in good faith and that it constitutes an abuse of the processes of this