**Stanley S. PEARLSTEIN, Plaintiff,**

v.

**SCUDDER & GERMAN, a partnership, Defendant.**

No. 62 Civ. 1383.

United States District Court, S. D. New York.

Dec. 8, 1971.

Stanley S. Pearlstein, pro se.

Max Schorr, White Plains, N.Y., of counsel, for plaintiff.

Hellerstein, Rosier & Rembar, New York City, Myron S. Isaccs, New York City, of counsel, for defendant.

## MEMORANDUM and ORDER

BRIEANT, District Judge.

Plaintiff in Pearlstein v. Scudder & German, 295 F.Supp. 1197, rev'd 429 F. 2d 1136 (1970), cert. den. 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550 (1971), and remanded to this Court to assess and determine the measure and amount of damages, has moved by Notice of Motion, dated and served December 6, 1971, the same date on which the case was called in for trial, for an order granting leave to plaintiff to serve an amended complaint.

This case has been tried once, and the only issues now before this Court are the matter of damages. The remanding decision was made July 2, 1970, and certiorari denied by the United States Supreme Court on April 5, 1971, 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550. The acts complained of occurred beginning in March, 1961, more than a decade ago.

Plaintiff would file a "Second Amended and Supplemental Complaint". The proposed pleading sets forth four different causes of action. It recites events occurring after the service of the original complaint. To that extent the pro-

posed pleading is unnecessary, and plaintiff, to the extent such events bear on his damages directly flowing from defendant's statutory breach, plaintiff will be permitted to prove such events on the trial without the need to amend. Likewise, in the interests of justice, plaintiff may amend his demand for damages so as to reflect such events and so as to claim all relief to which the Court of Appeals found him entitled.

■ The proposed complaint also seeks to assert a claim on a new legal theory, or theories, such as fraud, or coercion and violations of Sec. 17 of the Securities Act of 1933 and seeks, on what are basically the same underlying facts as were before the Court of Appeals, punitive damages in the amount of $1,000,000.00.

The case has progressed too far to change its theory. All that is before this Court is the matter of the remand of the Court of Appeals. Any new causes of action would be subject to the defense of the statute of limitations. Accordingly, to grant leave to amend at this time would be an abuse of discretion, and prevent the prompt compliance with its mandate which the Court of Appeals expects.

■ Nor can plaintiff hope to gain any punitive damages. His desire in that regard is controlled by the decisions of this Circuit in Green v. Wolf Corporation, 406 F.2d 291 (2d Cir. 1968), cert. den. 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969), and Globus v. Law Research Service, Inc., 418 F.2d 1276 (2d Cir. 1969), cert. den. 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). See also Meisel v. North Jersey Trust Co., 216 F.Supp. 469 (S.D.N.Y.1963), 218 F.Supp. 274 (S.D.N.Y.1963); Derdiarian v. Futterman Corp., 223 F.Supp. 265 (S.D.N.Y.1963); Kohler v. Kohler Co., 208 F.Supp. 808 (E.D.Wis.1962), aff'd 319 F.2d 634 (7th Cir. 1963); Pappas v. Moss, 257 F.Supp. 345 (D.N.J.1966), rev'd. on other grounds, 393 F.2d 865 (3rd Cir. 1968); Speed v. Transamerica Corp., 135 F.Supp. 176 (D.Del.1955), modified on other grounds, 235 F.2d 369 (3rd Cir. 1956); Mills v. Sarjem Corp., 133 F.Supp. 753 (D.N.J.1955); and Levin v. Great Western Sugar Co., 274 F.Supp. 974 (D.N.J.1967).

In *Green,* plaintiff brought an action under § 10(b) (15 U.S.C. § 78j (1964)) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder alleging that there were untrue or misleading statements in three different prospectuses of the Wolf Corporation distributed to the public in 1961 and 1962. The District Court struck that portion of the plaintiff's complaint which sought punitive damages. Green appealed to the Second Circuit and the Court held that punitive damages cannot be recovered in actions under § 10(b) or Rule 10b–5 because § 28(a) [15 U.S.C. § 78bb(a) (1964)] of the 1934 Act provides that any person who maintains a suit for damages under the 1934 Act is prohibited from recovering an amount in excess of his actual damages. The Court did "not believe that Congress intended the . . . (1934) Act to be used as a vehicle for the recovery of judgments that could often be grossly disproportionate to the harm done." 406 F.2d at 303. Since the Green case was appealed after the order striking portions of the complaint and before a trial could be had, the Second Circuit never passed upon the question as to whether the type of conduct alleged in the complaint would warrant a punitive damage award. The *Globus* case settled the question.

*Globus* involved Law Research Service, Inc., (LRS) a corporation organized to facilitate legal research by the use of computers. LRS then entered into a five year contract with the computer division of Sperry Rand Corporation. LRS, accumulating substantial debts, offered 100,000 shares of its stock to the public in order to raise new capital. Material facts were omitted from the offering circular concerning a dispute between both corporations which had resulted in Sperry's refusing to allow LRS to use its computers to process inquiries, and consequently LRS instituted litigation against Sperry Rand. Plaintiffs,

purchasers of the LRS stock, brought their action against LRS, the president-principal stockholder of LRS and the underwriter of the public offering. They recovered $32,000.00 in compensatory damages. Punitive damage awards were assessed by the jury against the president of LRS and the underwriter for approximately $27,000.00 and $13,000.00, respectively, for their violations of § 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a) (1964) ) in view of their fraudulent, wanton and reckless conduct.

The trial Judge (Mansfield, J.) suggested that punitive damages would serve to deter the kind of fraudulent conduct which was present in the case, and stated that such damages were in "accord . . . with the overall purpose of the anti-fraud provisions of the 1933 Act." 287 F.Supp. at 194, and further that the absence in the 1933 Act of a provision similar to § 28(a) of the 1934 Act indicated Congress' intention not to preclude punitive damages in actions under the 1933 Act.

On appeal, the Court of Appeals in this Circuit recognized that punitive damages would serve to punish wrong-doers and to deter violations of the 1933 Act. The Court, however, observed that there already exists an extensive "arsenal of weapons" under the federal securities acts which serves the functions of retribution and deterrence. 418 F.2d at 1285. Indeed, the Court was also concerned that when a material misstatement was disseminated to the public and the harm was widespread, the addition of punitive damages to the arsenal "could well bankrupt an otherwise honest underwriter or issuer who egregiously erred in one instance." 418 F.2d at 1285.

In *Green*, the Court of Appeals relied on the language of § 28(a) of the 1934 Act, which reads:

"No person permitted to maintain a suit for damages under the provisions of (the 1934 Act) . . . shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of. . . . " 15 U.S.C. § 78bb(a)

 In *Green*, the Court of Appeals in this Circuit concluded that the actual damages limitation of § 28(a) applied to all actions brought under the 1934 Act, and the 1933 Act, and did not distinguish between actions expressly authorized by these statutes and civil actions which have been implied by the statutes. As stated in *Globus, supra*, "courts have endeavored to treat the . . . (1933 Act and the 1934 Act) *in pari materia*, and to construe them as a single comprehensive scheme of regulation." 418 F.2d at 1286.

The motion is therefore in all respects denied.

So ordered.