**GOODBODY & COMPANY, INC.,**
**Plaintiff-Appellant,**

v.

**Charles F. McDOWELL,**
**Defendant-Appellee.**

**No. 74–3821.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1976.

David R. McAtee, William T. Hankinson, Dallas, Tex., for plaintiff-appellant.

William P. Fonville, Dallas, Tex., for defendant-appellee.

Before BROWN, Chief Judge, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This diversity action, brought by a stock brokerage firm to recover 900 shares of Xerox stock and dividends thereon from a former customer who received the stock through clerical error, raises the issue of whether the Texas statute of limitations bars the suit. The district court characterized the case as an action for conversion which is barred by a two-year statute of limitations. Vernon's Tex.Civ.Stat.Ann. Art. 5526(2).[1] We reverse on the ground that the cause of action for conversion in this case did not accrue until the plaintiff demanded and the defendant refused return of the shares, an event that occurred within two years of the institution of the lawsuit.

The operative facts are not in dispute and involve a simple case of mistaken registration of stock certificates. In March 1969, defendant McDowell sold 50 shares of Xerox stock through Goodbody. To cover the sale, he delivered a certificate for 500 shares. Goodbody caused the 500 share certificate to be transferred by Xerox into a certificate for the 50 shares which had been sold and into five additional certificates, registered in McDowell's name, covering the 450 share balance. These latter certificates were delivered to McDowell. Notwithstanding this delivery to McDowell, an additional 450 shares were erroneously registered in McDowell's name and held by Goodbody. On June 1, 1969, Goodbody discovered the error and caused the 450 shares erroneously registered in McDowell's name to be cancelled and reissued in street name.

In the meantime, however, Xerox had declared a three-for-one stock split to stockholders of record as of May 16, 1969, a date on which the 450 Goodbody shares were erroneously registered in the name of McDowell. Owning other Xerox stock, McDowell was issued a certificate for 3,380 shares, 900 shares of which were attributable to the 450 erroneously registered shares.

In July of 1969, McDowell advised his broker at Goodbody that cash dividends recently received from Xerox exceeded the amount he had anticipated on the basis of his holdings as he calculated them. Apparently nothing came of this communication. Later that month McDowell received a statement from Goodbody debiting his account with a cash dividend on 450 shares. In November of 1969, McDowell objected to the debit for the cash dividend, whereupon Goodbody advised him that the debit was in error.

In November of 1971 McDowell began to receive monthly statements debiting his account for accumulated cash dividends on 900 shares of Xerox, and showing a short position on 900 shares. An employee of Merrill Lynch, Pierce, Fenner & Smith, the successor in interest to Goodbody, contacted McDowell in December 1971 advising him that he owed the brokerage firm 900 shares of Xerox, plus accumulated dividends. Merrill Lynch wrote to McDowell on both January 9, 1972 and February 6, 1972, explaining the error. Suit was filed on May 11, 1973.

The controlling factor as to whether the two-year statute of limitations barred Goodbody's suit is when the cause of action for conversion accrued. The statute would not begin to run, by its own terms, until "the cause of action shall have accrued." Vernon's Tex.Civ.

---

1. Vernon's Tex.Civ.Stat.Ann. Art. 5526:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward . . .

(2) Actions for detaining the personal property of another, and for converting such property to one's own use.

Stat.Ann. Art. 5526. The question posed on appeal then is whether the cause of action for conversion accrued within two years of May 1973, when the suit was filed.

In this diversity action we look to Texas law. In *Taylor v. Walston & Co., Inc.*, 502 S.W.2d 613 (Tex.Civ.App. 1973), a case based on a surprisingly similar factual background, the Texas court set forth two tests for determining when an act of conversion is completed, triggering the accrual of a cause of action. First, where the defendant's original possession is not wrongful, conversion is complete when the rightful owner demands the return of the property and is refused. Second and alternatively, conversion occurs when the person in possession of property unequivocally exercises dominion over the property inconsistent with the claims of the owner. *Id.* at 615. *See also Rorie v. Dempsey-Tegeler & Co., Inc.*, 515 S.W.2d 332 (Tex.Civ.App. 1974); *Southwestern Bell Telephone Co. v. Commercial Metals Co. of Houston*, 389 S.W.2d 116 (Tex.Civ.App.1965).

In *Taylor* a corporation mistakenly believed defendant to be a stockholder and sent him 66 shares as his part of two separate stock splits. In actuality he had sold his shares in the corporation and delivered the certificates to his broker. Thus the securities dealer, not the customer, was entitled to receive the 66 shares. The defendant refused the broker's request that he return the shares, and a suit for conversion followed. In response to defendant's contention that the action was barred by limitations, the court said:

> This is a suit for conversion, and Walston's cause of action accrued when the act of conversion was complete. The applicable rule is that when the original possession of the property in question is not wrongful, the statute of limitations does not begin to run until the return of the property has been demanded and refused, or "until the person in possession has unequivocally exercised, over the property, acts of dominion inconsistent

with the claims of the owner or the person entitled to possession" [citations omitted].

*Taylor v. Walston & Co., Inc., supra*, 502 S.W.2d at 615. After so stating, the court upheld the trial judge's conclusion that the broker's express demand and defendant's refusal to convey started the running of limitations. The trial court properly refused to hold as a matter of law that conversion occurred when defendant sent a letter requesting an explanation of what was occurring in his account.

Thus the first standard set forth in *Taylor* applies to this action. Here the rightful owner did not ask for return of its Xerox stock until November of 1971, approximately a year and a half prior to institution of this suit, well within the two year limitation period.

The defendant strenuously urges that accrual of plaintiff's cause of action should be controlled by the second *Taylor* standard because of a pretrial stipulation which states:

> From and after receipt of the Xerox Corporation shares in question, McDowell treated the shares as his own and used them for his own use and benefit.

This amounts to the exercise of unequivocal dominion over the stock, the argument runs, thus meeting the second *Taylor* test. But under *Taylor*, the converter's dominion must be inconsistent with the claims of the owner or the person entitled to possession. By treating the shares as his own without knowledge of Goodbody's claim McDowell did not assert an unequivocal claim against the claims of the real owner. It is obvious that McDowell would treat the shares as his own when they were registered in his name and he thought them to be his. but this alone does not amount to the assertion of claims inconsistent with those of Goodbody. Indeed, McDowell's inquiry of July 1969 concerning the discrepancy between his dividend receipts and the amount of stock he thought he owned negates any inference that he was asserting an unequivocal claim against Goodbody's interests. The trial

court's finding of fact No. 21 further establishes that

McDowell did not know, and could not have known, prior to January 9, 1972, that he was erroneously issued 900 shares of Xerox stock, as a result of an error committed by Goodbody.

The plaintiff's cause of action for conversion being within the two-year limitation statute, we need not examine plaintiff's alternative theories of this case, including causes of action for breach of contract, constructive trust, debt, unjust enrichment, or mistake, some of which, plaintiff asserts, are controlled by the Texas four-year statute.

This decision reverses only that portion of the district court's judgment pertaining to the running of the Art. 5526(2) period of limitations.

REVERSED AND REMANDED.