**FIRST REPUBLIC LIFE INSURANCE COMPANY and Sherman A. Bernard, Rehabilitator, Plaintiffs-Appellants,**

v.

**REPUBLIC OF TEXAS SAVINGS ASSOCIATION, etc., Defendant-Appellee.**

**No. 84–2616.**

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1985.

D. Bobbitt Noel, Jr., Houston, Tex., for plaintiffs-appellants.

Robert L. Rouner, Glenn A. Ballard, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, BROWN, and GEE, Circuit Judges.

## OPINION

CLARK, Chief Judge:

First Republic Life Insurance Company and Sherman A. Bernard, Rehabilitator, appeal the district court's holding that their conversion action against Republic of Texas Savings Association is barred by the two-year Texas statute of limitations. We affirm.

First Republic Life Insurance Company (First Republic Life) brought this civil suit against Republic of Texas Savings Association (Republic of Texas) alleging that Republic of Texas had unlawfully converted First Republic Life's interest in 86,155 shares of American Public Life Insurance Company (American Public Life) common stock.

The cause of action arose out of the following facts. In December 1976, Fidelity Mortgage Company (Fidelity Mortgage), a wholly owned subsidiary of First Republic Life, borrowed $1.8 million from First National Bank. When Fidelity Mortgage was unable to repay the note at maturity, First National Bank renewed the note for 10 days conditioned upon Fidelity Mortgage's payment of a percentage of the principal balance and interest plus a pledge of additional collateral. First Republic Life thereafter assigned the 86,155 shares of American Public Life stock, which were registered in First Republic Life's name, to First National Bank to secure Fidelity Mortgage's debt. The note was also secured by 100% of the stock of Fidelity Mortgage.

The note was again renewed around April 12, 1977 to become due on May 4, 1977. Republic of Texas purchased the note from First National Bank on May 3, 1977. First National Bank assigned the note and collateral, including the 86,155 shares of American Public Life stock, to Republic of Texas. Republic of Texas registered the shares of American Public Life stock in their corporate name pursuant to the terms of the note. Fidelity Mortgage defaulted on the note and on May 11, 1977, Republic of Texas foreclosed on all the outstanding shares of Fidelity Mortgage stock. At that foreclosure sale, Republic of Texas purchased all outstanding shares of Fidelity Mortgage stock over First Republic Life's objection. Republic of Texas was enjoined from specifically foreclosing on the subject American Public Life shares, however, by a temporary restraining order issued by a Mississippi district court in a related lawsuit.

On July 15, 1977, Fidelity Mortgage was adjudged bankrupt. On March 7, 1978 the bankruptcy court approved a compromise between Republic of Texas and the trustee for Fidelity Mortgage. In exchange for Republic of Texas' discharge of all outstanding debts of Fidelity Mortgage, the trustee relinquished all of Fidelity Mortgage's interest in Fidelity Mortgage and American Public Life stock. First Republic Life objected to this settlement, asserting its ownership of the 86,155 shares of American Public Life stock. The bankruptcy court overruled the objection and Republic

of Texas rejected First Republic Life's demand for the return of the stock. First Republic Life filed this suit two years after Republic of Texas' refusal to give up the stock.

In this diversity case, the district court was obliged to apply Texas law in evaluating the statute of limitations issue. The district court correctly noted that a cause of action for conversion under Texas law accrues upon (1) a demand by the rightful owner for return of the property which is refused, or (2) an unequivocal indication of dominion over the property inconsistent with the claims of the owner by the person in possession of the property. *Taylor v. Walston & Co., Inc.*, 502 S.W.2d 613 (Tex. Civ.App.1973). The district court found that Republic of Texas exercised dominion over the American Public Life shares in the summer of 1977, initiating the running of the statute of limitations. Thus, the two-year Texas statute of limitations, Tex.Rev. Civ.Stat.Ann. art. 5526 (Vernon's Supp. 1984), barred this March 6, 1980 action.

First Republic Life challenges the district court's conclusion that the statute of limitations began to run in the summer of 1977. They contend that Republic of Texas was only acting as a secured creditor until March 7, 1978 when it refused First Republic Life's demand to return the shares of American Public Life stock. Before that date, First Republic Life was not entitled to possession of the stock because Fidelity Mortgage's debt was not extinguished. Thus, there was no actionable conversion until First Republic Life's demand for the stock was rejected on March 7, 1978. Consequently, First Republic Life argues that the filing of the suit on March 6, 1980 was within the two-year Texas statute of limitations.

Under Fed.R.Civ.P. 52(a) the district court's factual findings control unless they are clearly erroneous. *Continental Oil Co. v. Cole*, 634 F.2d 188 (5th Cir.1981). The district court found that Republic of Texas exercised ownership control over the 86,155 shares of American Public Life stock during the summer of 1977. This action was filed on March 6, 1980. The

district court therefore held that the action was barred by the Texas two-year statute of limitations.

The district court based its finding of dominion over the stock by Republic of Texas and knowledge of this asserted ownership on the part of First Republic Life on well-established facts. Instead of merely pledging the subject stock to First National Bank in support of the loan to Fidelity Mortgage, First Republic Life assigned those shares to First National Bank. Under the terms of the note, those same shares of American Public Life stock were thereafter assigned to Republic of Texas by First National Bank. The shares were physically transferred to Republic of Texas and registered in their corporate name with no reservation of any rights in First Republic Life. Following the transfer of title on the books of American Public Life, the shares were later unconditionally pledged by Republic of Texas to a Louisiana bank in support of a completely separate loan of a Republic of Texas subsidiary, Banker's Capital Corporation. This Louisiana bank loan was totally unrelated to any business of First Republic Life or its subsidiary, Fidelity Mortgage. Finally, during the summer of 1977 pleadings filed by First Republic Life in a separate but related lawsuit acknowledged that Republic of Texas was asserting ownership of the 86,155 shares of American Public Life stock.

The district court's finding that Republic of Texas exercised numerous acts of ownership control over the 86,155 shares of American Public Life stock in the summer of 1977 is not only not clearly erroneous but well supported by the record facts. Accordingly, any cause of action for conversion would have accrued at that time and a suit initiated on March 6, 1980 would be barred by the two-year statute of limitations in Texas.

The judgment appealed from is AFFIRMED.