### ALLIED BLDG. CREDITS, Inc. v. ELLIS et ux.

#### No. 3092.

Court of Civil Appeals of Texas. Waco.
May 1, 1953.

Rehearing Denied May 21, 1953.

Ross, Banks & May, Houston, for appellant.

Shannon L. Morris, Baytown, for appellee.

McDONALD, Chief Justice.

This is a suit on a note, and arises out of the following facts: Ellis and wife, Appellees, entered into a contract with one Duffey for the purchase of a wall heater and an attic fan. On 30 Aug. 1950 Appellees executed an installment note payable to Duffey for $605. which was for the amount of the purchase, less down payment, plus finance charges. Duffey installed the fan but never delivered or installed the wall

heater. Prior to the time the note became due Duffey sold it to Appellant Finance Company by endorsement *warranting that all articles and materials have been furnished and installed and all work fully completed.* The evidence shows that at the time Duffey sold Appellant the note, that he attached to it a *Completion Certificate* dated 30 Aug. 1950 which certified that *all materials have been furnished and installed and the work satisfactorily completed,* and which was signed *John M. Ellis.* The signature was a forgery. Appellant Finance Company's manager testified that the *Completion Certificate is provided all of its contractors and dealers and is one of the documents necessary before the Finance Company will purchase a note;* and further *that had the Completion Certificate not been executed the note would not have been purchased.*

Both the Note and the Completion Certificate were executed on forms furnished Duffey by Appellant Finance Company.

Appellees tendered into court $267.76, the amount due for the fan, but denied liability for the balance on account of the nondelivery of the heater.

Trial was to the court without a jury. Judgment was rendered for Appellant for $267.76, the amount tendered into Court by Appellees. The Trial Court at request of Appellant filed Findings of Fact and Conclusions of Law which set out the facts found in the case, and concluded that Appellant was not a holder in due course; that any defenses available to Appellees against Duffey were available against Appellant; that Appellee owed Appellant only $267.76, the amount Duffey would have been entitled to.

The Appellant appeals on 4 Points, contending that 1) The note was a negotiable instrument; 2) Appellant is a holder in due course; 3) A holder in due course takes a negotiable instrument free of any defenses existing between the original parties; 4) Most of the Trial Court's Findings of Fact are improper and contrary to the evidence, and all of the Trial Court's Conclusions of Law are improper and contrary to law.

█ The real question for determination under the facts in this case is: Can a purchaser for value of a note, negotiable on its face, be a holder in due course, *if he requires the payee of the note to secure the execution of an additional instrument by the maker, as a condition precedent to his purchase of the note?*

We must answer this question in the negative. Appellant's first 3 points may all be correct statements of the law—as abstract propositions—*but* they do not fit the particular facts in the case at bar.

Here, Appellant Finance Company is in the business of purchasing appliance notes from dealers and installation people. As a *condition precedent* to its purchase of the note, it required the payee of the note to secure the execution of an additional instrument by the maker, certifying that the *material for which the note was given had been delivered and installed and all work fully completed.* Appellant furnished the form for this additional instrument. Appellant was not content to stand on the note itself as a negotiable instrument, but required that the additional instrument be executed by the maker of the note. It was upon the faith and strength of this additional instrument, and not upon the note, that the note was purchased.

█ The rule is that where additional instruments are executed in connection with a negotiable instrument, as between the original parties, all instruments are to be treated as one. Where one is a holder in due course, the above rule does not apply, and the rights of the holder are determined by looking only to the negotiable instrument itself. But here the case is different. Appellant Finance Company, who purchased the note, and *claims* to be a holder in due course, while not an original party to the note, not only *had knowledge* of the additional instrument, but actually *caused it to be executed.* Appellant by its course of action becomes an *original party to the additional instrument;* and forfeits what might otherwise have been its status as a holder in due course. Therefore, as between Appellees (makers of the note), and Appellant (who required the additional instrument),

the note and the additional instrument must be treated as one. See Continental Nat. Bank v. Conner, 147 Tex. 218, 214 S.W.2d 928, 929.

 Here the Completion Certificate was a forgery. As to Duffey, Appellees had the defense of partial failure of consideration. Appellant having knowledge of and requiring the additional instrument, becomes an original party to the additional instrument; lost what might otherwise have been his status as a holder in due course; and is bound by any defenses which Appellees had as to Duffey, as well as any defenses that arise from the forgery.

On appeal of a cause tried before the Court, the cause must be considered in the light most favorable to supporting the judgment, and the Trial Court's Findings of Fact will not be disturbed if there is *any* evidence to support them. There is ample evidence to support the Trial Court's Findings of Fact in the case at bar.

Finding no reversible error in the case, the judgment of the Trial Court is accordingly affirmed.

TIREY, J., not participating on account of illness.