Carolina E. HIDALGO, a Feme Sole, Appellant,

v.

SURETY SAVINGS AND LOAN ASSOCIATION, a Corporation, Appellee.

No. 6213.

Court of Civil Appeals of Texas, El Paso.

May 17, 1972.

Rehearing Denied June 7, 1972.

Armendariz & Armendariz, Albert Armendariz, Sr., El Paso, for appellant.

Arturo R. Aguirre, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is the second appeal from a summary judgment rendered in favor of Plaintiff-Appellee, Surety Savings and Loan Association, against Mrs. Carolina E. Hidalgo, Defendant-Appellant. We affirm.

Appellee originally brought suit on a promissory note and to foreclose a lien on real property securing the note. Summary judgment was granted Appellee, this Court affirmed in 457 S.W.2d 341, and the Supreme Court reversed in Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, holding that the allegations in Appellee's petition, although sworn to, did not constitute summary judgment proof. The trial Court has again granted summary judgment on the basis of two affidavits submitted by Appellee and a controverting affidavit submitted by Appellant. The issue

with which we are concerned is whether or not the affidavits submitted conclusively establish, as a matter of law, Appellee's status as a holder in due course. If so, the various defenses Appellant asserts among her seven points of error are effectively precluded from consideration. Appellant contends, by two points of error, that Appellee's status as a holder in due course was not established as a matter of law.

In reviewing this case, we have followed the now familiar rules reaffirmed by the Supreme Court in Farley v. Prudential Insurance Company et al., 480 S.W.2d 176:

"It is settled that the question on appeal and in the trial court is not whether the summary judgment proof raises fact issues with reference to essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970).

"The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Parrott v. Garcia, 436 S.W.2d 897 (Tex.1969); Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Tex. 1965)."

In determining Appellee's status as a holder in due course, the applicable provisions of Acts 1965, 59th Leg., ch. 721, Uniform Commercial Code, which was in effect at the time of the transaction, must be examined.

"Sec. 3–302 provided:

'(1) A holder in due course is a holder who takes the instrument

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. * * *'

"Sec. 3–305 of the same act provided:

'To the extent that a holder is a holder in due course he takes the instrument free from

(1) (not applicable)

(2) all defenses of any party to the instrument with whom the holder has not dealt except

(a), (b), (c), (d), (e) (none applicable).'

"Sec. 3–306 provided:

'Unless he has the rights of a holder in due course any person takes the instrument subject to

(a) (not applicable)

(b) all defenses of any party which would be available in an action on a simple contract; and

(c) the defenses of failure of consideration * * * etc. (See also § 3–408)

(d) (not applicable)' "

The Supreme Court in Hidalgo (supra) held that a fact issue as to failure of consideration had been raised. In the present case, Appellee's corporate vice president in a sworn affidavit stated that Appellant's account was commenced on or about June 27, 1967, and that:

". . . . Surety Savings and Loan Association, for a valuable consideration, purchased from Western States Improvement Company a promissory note, complete and regular on its face, dated June 13, 1967, made, executed and delivered by Carolina E. Hidalgo, payable to the order of Western States Improvement Company, . . . . , a copy of which promissory note certified as true is attached hereto. . . . . On said June 27, 1967, Surety Savings and Loan Asso-

ciation became the legal and equitable holder and owner of the hereinabove mentioned promissory note and hereinbefore described deed of trust and completion certificate, having paid a valuable consideration therefor, having purchased the same in good faith and without any notice of default, dishonor, defense or claim against said note."

Between the period of September 5, 1967, and March 5, 1969, Appellant made payments amounting to approximately $720.00. The record also contains a sworn affidavit from Appellee's attorney who stated that the note was accelerated, and that he filed suit on the note on August 7, 1969.

■ The only controverting evidence to Appellee's affidavits is Appellant's "controverting affidavit to Appellee's second amended motion for summary judgment." Such affidavit asserts no defenses to Appellee's affidavit that it is a holder in due course under Sec. 3–302 (supra). A fact issue as to failure of consideration is therefore not present, as Appellee has established its status as a holder in due course and Appellant does not assert that such was not taken "for value," not taken in "good faith," and that the note was not taken "without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." See, 3–302 (supra). See also 9 Tex.Jur.2d, Sec. 156, p. 165. We hold there is sufficient evidentiary data to support a motion for summary judgment. Gulf, Colorado & Santa Fe Railway Company v. McBride et al., 159 Tex. 442, 322 S.W.2d 492, p. 500, and cases cited therein. Gulbenkian et al. v. Penn. 151 Tex. 412, 252 S.W.2d 929. Appellant's contention that Appellee may not be a holder in due course as the completion certificate was required as a condition precedent to purchase of the note, and repeated references to Allied Bldg. Credits, Inc. v. Ellis et ux., Tex.Civ.App., 258 S.W.2d 165, is misplaced, as that case involved non-delivery of one of two items covered by a negotiable note, and forgery of the signature on the completion certificate. No such situation is evident in the case at bar, and the note and certificate were acquired concurrently by Appellee. Further, Appellant does not contend that the work which was contracted for was not completed as in Allied (supra), and in fact made numerous payments beginning on September 5, 1967, and ending on March 5, 1969. In view of the contrasting factual situations, we hold that Allied (supra) and this case are readily distinguishable.

■ Appellant attacks the affidavit of the witness Dempsey as not being made on personal knowledge, containing conclusions, and that the affiant is not shown to be competent to testify to the matters stated therein. The record does not reflect that Appellant raised these matters in the trial Court, and there is authority for holding that she has therefore waived them. Youngstown Sheet & Tube Co. v. Penn et al., 363 S.W. 2d 230 (Tex.Sup.1963); Lotspeich et vir v. Chance Vought Aircraft et al., 369 S.W.2d 705 (Tex.Civ.App.1963, writ ref'd n. r. e.); Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ. App.1965, n. w. h.). We so hold, as to these objections to the form of the affidavit. We are further of the opinion that there is no merit to these contentions. Likewise, we are unable to agree with Appellant that the affidavit of Dempsey does no more than raise a fact issue because he is an interested witness. An exception to the interested witness rule in summary judgment proceedings exists where the testimony of the interested witness is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach it; the exception applies especially where the opposing party has the means and opportunity of disproving the testimony if it is not true, and fails to do so. Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965). We are of the opinion that the affidavit in this case meets that test. None of the essential facts stated in the affidavit were controverted; this, despite the fact that Appellant asked for and was granted a continuance on the basis that "Defendant expects to acquire controverting affidavits from various sources and

it is necessary that Defendant have more time in which to do so." As indicated, we think the record in this case brings it clearly within the exception. Also, this is the second trial and appeal of this cause, and if controverting facts exist, surely diligent counsel would have come forth with them by now.

█ Appellant seeks to question the constitutionality of Secs. 3–302 and 3–305 of the Uniform Commercial Code. She argues that they violate due process in that there is not provided any prior notice that the maker's note is being negotiated, placed in the hands of a holder in due course, so that she may assert her defenses prior to such negotiation. The constitutional question is not presented here, for the Appellant was on notice from the beginning that the instrument which she executed might be negotiated. The Appellant placed her signature on a negotiable instrument. In addition to its being in negotiable form, it had a printed form with blanks to be filled in for negotiation. This was additional notice of its negotiable character.

All points of error have been considered and all are overruled. The judgment is affirmed.