Carolina E. HIDALGO, a feme sole, Petitioner,

v.

SURETY SAVINGS AND LOAN ASSOCIATION, a corporation, Respondent.

No. B–3479.

Supreme Court of Texas.

Oct. 11, 1972.

Armendariz & Armendariz, Albert Armendariz, Jr., El Paso, for petitioner.

Arturo R. Aguirre, El Paso, for respondent.

PER CURIAM.

This is the second appeal in a suit to recover the amount due on a promissory note and to foreclose a lien on real property. (Prior opinion at Tex., 462 S.W.2d 540.) Carolina Hidalgo executed a secured promissory note payable to Western States Improvement Company which negotiated the note and lien to Surety Savings and Loan Association. Hidalgo is in default, but she has raised the defense of failure of consideration.

Surety Savings has been granted summary judgment on the ground that its status as a holder in due course was established as a matter of law, Tex.Bus. & Commerce Code § 3.302; hence Hidalgo's defense of failure of consideration became an immaterial issue, Tex. Bus. & Commerce Code § 3.305. The court of civil appeals has affirmed. Tex.Civ.App., 481 S.W.2d 208. The evidence relied on to prove that status was the affidavit of Richard T. Dempsey, a vice president of Surety Savings. That affidavit, in relevant part, is as follows:

"On or about said June 27, 1967, Surety Savings and Loan Association, for a valuable consideration, purchased from Western States Improvement Company a promissory note, . . . [here describes the note, the lien instrument, and a completion certificate]. On said June 27, 1967, Surety Savings and Loan Association became the legal and equitable holder and owner of the hereinabove mentioned promissory note and hereinbefore described deed of trust and completion certificate, having paid a valuable consideration therefor, having purchased the same in good faith and without any notice of default, dishonor, defense or claim against said note."

Those statements are conclusions. We have held that conclusions are not competent evidence to support summary judgment. Associates Discount Corp. v. Rattan Chevrolet, Inc., 462 S.W. 2d 546 (Tex.1970); Crain v. Davis, 417 S.W.2d 53 (Tex.1967); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961). Surety Savings has made no effort to be specific about the transaction between it and Western States and the "valuable consideration" paid, though it would have been a simple matter and the natural course to be specific.

Because the holding of the court of civil appeals is in conflict with our previous opinions cited above, without granting writ of error, we reverse the judgments of both courts below and remand the cause to the trial court. Rule 483, Texas Rules of Civil Procedure.