Harvey L. FAGIN, Appellant,

v.

**NORTH DALLAS MOVING & STORAGE CO., and James E. Morris, Appellees.**

No. 5292.

Court of Civil Appeals of Texas, Waco.

Nov. 29, 1973.

Raymond E. North, Condos & North, Dallas, for appellant.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is a case wherein the trial court granted a summary judgment for the Defendants. We reverse and remand.

Plaintiff-Appellant Harvey L. Fagin brought this suit against Defendant-Appellees North Dallas Moving and Storage Company, Inc., and James E. Morris, under the Workmen's Compensation Law. In his pleadings and affidavit, Fagin alleged in effect that while working in the course and scope of his employment with North Dallas, on or about April 1, 1971, he sustained severe and crippling bodily injuries, for which he sued for total and permanent disability.

North Dallas is alleged to be a common carrier which was in the business of transporting goods for hire from one place to another in the State of Texas. Defendant-Appellee James E. Morris was at all times material to this suit the president and principal stockholder of North Dallas, and is alleged to be the alter ego of North Dallas.

In November 1970, Fagin was employed by North Dallas to help load vans, drive tractor-trailer trucks from Dallas, Texas, to various cities and towns in Texas on the public highways, and to help with unloading and unpacking.

Fagin was in the process of moving a medical doctor from Dallas to Corpus Christi, Texas, on April 1, 1971, when it became necessary for him to lay over in Corpus Christi. On the evening of said date, Fagin was checking the tires and lights and locking up the truck, when he was hit by some unknown assailant and knocked unconscious. He alleged he suffered a broken nose, a broken cheek bone, and severe personal injuries. He alleged that he incurred substantial doctor and hospital bills, and suffered total and permanent disability.

The Defendants North Dallas and Morris moved for a summary judgment in their favor, supported by two affidavits of Defendant-Appellee James E. Morris.

The affidavits assert that Morris is president and principal stockholder of North Dallas, and the following are pertinent excerpts therefrom:

"On or about April 13, 1970, North Dallas Moving and Storage Company, Inc., became a subscriber to Workmen's Compensation Insurance in the State of Texas. That on October 19, 1970, said Workmen's Compensation Insurance coverage was cancelled and the Texas Industrial Accident Board at Austin was duly notified in writing of such cancellation by the insurance company having issued said policy of insurance. After cancellation of the aforementioned Workmen's Compensation Insurance coverage, North Dallas Moving and Storage Company, Inc., did not subscribe to any other Texas Workmen's Compensation Insurance until after April 1, 1971.

"That during the latter part of November 1970, your affiant, acting in his capacity as President of North Dallas Moving & Storage Company, Inc., did employ one Harvey L. Fagin to work for North Dallas Moving & Storage Company, Inc., in the conduct of said corporation's business. That according to the records of said corporation, said Harvey L. Fagin did receive his first pay check for his services for said corporation on or about December 5, 1970."

Then, Morris goes on to say that on April 2, 1971, he received a telephone call from Fagin (who was calling from Corpus Christi) advising him that he, Fagin, had been the victim of an assault by an unknown person on the preceding evening; and that Morris had no previous knowledge of the assault.

After denying that North Dallas is his alter ego, Morris goes on to say:

"That at the time Harvey L. Fagin was employed by North Dallas Moving & Storage Company, Inc. in the latter part of November of 1970, nor at any time thereafter, up to and including April 1, 1971, did said corporation or your affiant hold a Texas Railroad Commission permit as a common carrier."

Then in his supplemental affidavit, Morris further asserts:

"At the time of Plaintiff Harvey L. Fagin's alleged accident on April 1, 1971, said Harvey L. Fagin was involved and operated a moving van between Dallas, Texas, and Corpus Christi, Texas, an intrastate movement. Said intrastate movement was being conducted under Texas Specialized Motor Carrier Permit No. 7736 owned by Towne Services Household Goods Transportation Company, Inc., of San Antonio, Texas. Defendant North Dallas Moving & Storage Company, Inc., was furnishing the equipment and driver to Towne Services Household Goods Transportation Company, Inc., at all times in question in the above numbered and entitled cause. North Dallas Moving & Storage Company, Inc., was furnishing said equipment and driver in accordance with Article 911b, Section 1(j) of Vernon's Annotated Texas Statutes."

Article 911b, Section 13, V.A.T.S., requires "motor carriers" to carry workmen's compensation insurance.

Article 911b, Section 1(g) defines "motor carrier" as "any person, firm, corporation . . . owning, controlling, managing, operating, or causing to be operated any motor-propelled vehicle used in transporting property for compensation or hire over any public highway in this State, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed."

Article 911b, Section 1(j) reads:

"The term 'transporting property for compensation or hire' shall include the furnishing during the same period of time of equipment and drivers to persons, firms, . . . other than common carriers, contract carriers, or specialized motor carriers for use in their carrier operations . . .."

Defendant-Appellees' contentions in support of their Motion for Summary Judgment, as we understand them are as follows:

(1.) That North Dallas was not a "motor carrier" as defined by Article 911b, Section 1(g) and as qualified by Section 1(j), and therefore was not required by law to carry workmen's compensation insurance for the protection of its employees.

(2.) That North Dallas had no workmen's compensation insurance in effect covering its employees at the time Fagin was employed, and had none in effect at any time during Fagin's employment, and had none in effect at the time he suffered the assault and personal injuries of April 1, 1971, and was not required to give him notice of discontinued coverage under Article 8306, Sec. 3c, V.A.T.S.

(3.) That since North Dallas had no workmen's compensation coverage on Fagin at the time he suffered the injuries in question, it was necessary for Fagin to plead and prove negligence on the part of North Dallas, in order to recover damages against them, under the provisions of Article 8306, Sections 1 and 4, V.A.T.S. Moreover, Defendants say, North Dallas is

not guilty of negligence toward Fagin as a matter of law.

In other words, Appellees contend North Dallas is not liable for workmen's compensation benefits to Fagin because it was not a subscriber at the time the injuries were incurred; in which event Fagin is required to plead and prove negligence proximately causing his injuries on the part of North Dallas, and that North Dallas is not guilty of negligence as a matter of law.

Interesting as Appellees' contentions may be in a trial on the merits, we do not reach them in the appeal now before us.

All of Defendant-Appellees' contentions depend upon the credibility of Morris as a vitally interested witness. For example, Morris asserts in his affidavit that North Dallas had workmen's compensation coverage prior to the time Fagin was employed, but that the insurance was permitted to lapse before Fagin was hired. This timing is very vital, since if North Dallas had had coverage at the time Fagin was hired, but it lapsed thereafter, then the rule of law announced by our Supreme Court in Anderson-Berney Realty Co. v. Soria (1933), 123 Tex. 100, 67 S.W.2d 222 would come into play, in which event Defendant-Appellees might become liable to Fagin in the same manner and to the same extent as if they had been insured. If this should be the case, then all the asserted defenses and contentions of Defendant-Appellees would be inapplicable.

The trial court granted the summary judgment prayed for by Defendant-Appellees, decreeing that Plaintiff Fagin take nothing.

Plaintiff-Appellant Fagin appeals on four points of error. Point one complains of the trial court's granting of the summary judgment. Point two asserts the trial court erred in accepting the affidavits of James E. Morris as competent summary judgment proof, for the reasons stated in his brief that Morris is an interested witness, and that his affidavits state conclu-

sions of law and fact. We sustain these points and reverse the cause and remand same to the trial court for trial on the merits.

■ The movant for summary judgment has the burden of showing by competent summary judgment proof that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Rule 166–A, Rules of Civil Procedure; Harrington v. Young Men's Christian Assn. of Houston (Tex. Sup.Ct.1970), 452 S.W.2d 423.

Our Supreme Court in Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Company (Tex.Sup.Ct. 1965), 391 S.W.2d 41 at page 47, has laid down several rules concerning summary judgments, all of which are pertinent to the case at bar. We feel that the following language is particularly applicable to the Morris affidavits:

■ ■ "If the motion (for summary judgment) involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. (citations). Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. (citations). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. (citations). After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

■ In the case at bar, James E. Morris is an interested witness, not only because he is president and principal stockholder of North Dallas, but also because he is being sued individually. This summary judgment depends for its proof entirely upon his two supporting affidavits.

Our Supreme Court in James T. Taylor and Son, Inc., v. Arlington Independent School District (1960), 160 Tex. 617, 335 S.W.2d 371, at p. 376 has this to say about the testimony of an interested witness as summary judgment proof: "The general rule is that the testimony of an interested witness does no more than raise a fact issue to be determined by the jury. While there are exceptions to the rule, it seems settled that when testimony comes from an interested party and is of such a nature that it cannot be *readily* contradicted if untrue, an issue relating to the credibility of the witness is presented." (emphasis supplied). Also see Broussard v. Moon (Tex.Sup.Ct.1968), 431 S.W.2d 534 at p. 537.

As an example of matters which tend to impeach Morris's credibility, we cite the following: Morris asserts in his original affidavit that at no time during Fagin's employment did North Dallas or himself hold a Texas Railroad Commission permit as a common carrier. Yet Fagin swears in his affidavit (in opposition to the motion for summary judgment) that "all of the tractor trailer trucks that I drove for North Dallas Moving and Storage Company, Inc., had Texas tags under the Texas Motor Carrier Act and the Texas Railroad Commission."

Many of the assertions of the Morris affidavits could not be readily contradicted by Fagin if they were untrue. Detailed investigation would be required and possibly discovery processes as well.

■ Moreover, it can readily be seen that the Morris affidavits have in them conclusions as opposed to statements of

fact. Conclusions are not competent evidence to support summary judgment. See Hidalgo v. Surety Savings Loan Association (Tex.Sup.Ct.1972), 487 S.W.2d 702.

For the reasons hereinabove stated, we reverse the cause and remand same to the trial court for trial on the merits.

Reversed and remanded.