**Linon C. RORIE and Ruby P. Rorie, Appellants,**

**v.**

**DEMPSEY–TEGELER & COMPANY, INC., Appellee.**

**No. 4696.**

Court of Civil Appeals of Texas, Eastland.

Oct. 11, 1974.

Rhodes & Doscher, A. L. Rhodes, Abilene, for appellants.

Clark, West, Keller, Sanders & Ginsberg, Barefoot Sanders, Dallas, Scarborough, Black, Tarpley & Scarborough, Beverly Tarpley, Abilene, for appellee.

RALEIGH BROWN, Justice.

Linon C. Rorie and Ruby P. Rorie sought damages against Dempsey-Tegeler, Inc., a brokerage house, for its failure to deliver "stock certificates" for three hundred shares of K.L.M. stock purchased by them. Jury findings established the Rorie's loss at $16,609. The trial court granted Dempsey-Tegeler's motion for judgment notwithstanding the verdict and entered a take nothing judgment. Linon C. and Ruby P. Rorie appeal.

The Rories only point of error is:

"The trial Court erred in granting the Motion for Judgment N.O.V. filed by Appellee and in failing to enter judgment for Appellants based on the jury verdict."

The record establishes Linon C. Rorie began in 1958 actively investing in the stock market; buying and selling corporate stocks through various licensed brokerage houses. In June 1967, Rorie transferred his brokerage account to Dempsey-Tegeler in Abilene, Texas, as a "street account." On October 25, 1967, Rorie purchased 100 shares K.L.M. stock through Dempsey-Tegeler and on November 1, 1967, purchased

an additional 100 shares. At that time no demand was made for delivery of the certificates evidencing such stock ownership. Dempsey-Tegeler each month thereafter showed on statements furnished Rorie his K.L.M. stock ownership.

In January of 1968, Rorie requested delivery of the certificates evidencing the K.L.M. shares of stock along with other shares of stock held by Dempsey-Tegeler for Rorie. After repeated demands, although no delivery of certificates were made, Rorie purchased another 100 shares of K.L.M. stock through Dempsey-Tegeler on July 29, 1968.

The evidence shows the Rories received delivery of a stock certificate representing 100 shares of K.L.M. stock from Dempsey-Tegeler in March 1969, another certificate for 100 shares on September 5, 1969, and the remaining certificate on October 15, 1969. The Rories sold 100 shares through another broker February 9, 1970, and the remaining 200 shares were sold on June 3, 1970. Rorie testified he could have sold his shares of K.L.M. through Dempsey-Tegeler without the certificates in hand at any time.

The Rories filed their original petition on June 1, 1971, seeking damages for the failure to deliver the certificates. That petition alleged a cause of action based on the purchase of the first 200 shares of K.L.M. stock. Thereafter on December 3, 1973, the Rories amended their petition alleging for the first time a cause of action with reference to the 100 shares of stock purchased July 29, 1968. Dempsey-Tegeler contends the undisputed evidence shows, as a matter of law, the causes of action asserted by the Rories are barred by Article 5526, Vernon's Ann.Tex.Civ.St.

This article provides in part:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:"

"2. Actions for detaining the personal property of another, and for converting such property to one's own use."

In considering a case of similar facts to the case at bar, the court in Pierce v. Estate of Haverlah, 428 S.W.2d 422 (Tex. Civ.App.—Tyler 1968, writ ref'd n. r. e.), stated:

"With reference to appellant's cause of action for the recovery of the stock certificates, it has been held that a stock certificate, that is, the certificate itself, as distinguished from the shares, constitutes personal property. Consequently, the cause of action for title and possession of stock certificate would constitute a cause of action for the recovery of personal property and would likewise be barred by the two year statute of limitations. Article 5526, supra; Davidson v. Atmar (Tex.Civ.App.), 243 S.W. 662."

The Rories by their pleadings and their contentions in this appeal assert a cause of action for the detention of stock certificates. They seek damages for such detention. The applicable rule is that where the original possession is lawful the statute of limitations, in an action for conversion does not commence to run until a demand for possession by a claimant and a refusal to return by one in lawful possession. Southwestern Bell Telephone Company v. Commercial Metals Company of Houston, 389 S.W.2d 116 (Tex.Civ.App.— Houston 1965, no writ); Taylor v. Watson & Co., Inc., 502 S.W.2d 613 (Tex.Civ.App. —Dallas 1973, writ ref. n. r. e.).

The undisputed evidence establishes a demand by the Rories for delivery of the stock certificates in January of 1968. Suit was not filed until June 1, 1971. We hold Article 5526, supra, bars such action.

The judgment is affirmed.