Jose De La Luz Amaro
**RAMIREZ, Appellant,**

v.

**GORDON'S JEWELRY COMPANY OF TEXAS, INC., d/b/a Sweeney's Jewelers, Appellee.**

No. 13–88–037–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 15, 1988.

D.J. Lerma, Brownsville, for appellant.

Will W. Pierson, Brownsville, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order which sustained two motions for summary judgment filed by defendant-appellee, Gordon's Jewelry Co. of Texas, Inc., d/b/a Sweeney's Jewelers (Sweeney's Jewelers). One of these motions was based on limitations and was filed against plaintiff-appellant, Jose De La Luz Amaro Ramirez (Jose Ramirez). The other motion was filed against a second plaintiff, Carlos E. Amaro Ramirez (Carlos Ramirez). Appellant, Jose Ramirez, appeals the granting of the summary judgment only against himself.

On August 29, 1986, Carlos Ramirez filed suit against appellee, Sweeney's Jewelers. He alleged that he purchased a watch from them for $7,950.00 and then returned it to them for repairs. He also alleged that on September 8, 1984, (about two years later), he demanded that they return the watch to him. However, they have failed to produce the watch. By this suit, Carlos Ramirez sought delivery of the watch or damages.

Appellee, Sweeney's Jewelers, denied the allegations and specially excepted that Carlos Ramirez failed to allege a cause of action. On March 16, 1987, Carlos Ramirez filed a first amended original petition alleging that the failure of appellee, Sweeney's Jewelers, to produce the watch amounted to conversion. Alternatively, he alleged that appellee, Sweeney's Jewelers, was negligent during their exercise of control over the watch. This petition stated that Carlos Ramirez was the owner of the watch in question.

On July 17, 1987, appellee, Sweeney's Jewelers, filed a motion for summary judgment alleging that Carlos Ramirez is not the owner of the watch and, therefore, has

no legal capacity to bring his suit and is not entitled to recover in the capacity in which he sues. On July 23, 1987, appellant, Jose Ramirez, filed both a response to the motion for summary judgment and a second amended original petition. Both pleadings were filed under the same caption and cause number, and in the same court as the original petition filed by Carlos Ramirez. The second amended original petition states that appellant, Jose Ramirez, is the plaintiff and owner of the watch in question. Except for the purchase price of the watch, the nature of the case against appellee, Sweeney's Jewelers, is virtually identical to that alleged in the original petition. The second amended original petition alleges that appellant, Jose Ramirez, purchased the watch from appellee, Sweeney's Jewelers, that he returned the watch to them for repairs, and that on September 8, 1984, he demanded the return of the watch. However, appellee, Sweeney's Jewelers, has not been able to return the watch to him. This petition makes the same allegations of conversion and negligence as were alleged in the first amended original petition.

The response alleges that the second amended original petition substituted appellant, Jose Ramirez, as the real party plaintiff for Carlos Ramirez. The response also alleges that Carlos Ramirez demanded the watch's return.

On July 29, 1987, appellee, Sweeney's Jewelers, filed another motion for summary judgment alleging that appellant's, Jose Ramirez', lawsuit alleged in his second amended original petition is barred by limitations. On August 10, 1987, appellant, Jose Ramirez, filed a response to this motion for summary judgment. This response states that the pleadings have been amended to show that the real owner of the watch is appellant, Jose Ramirez, and that he has the capacity to sue for the loss of the watch.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589, 593 (Tex.1975). The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). In reviewing a summary judgment, we follow the well-established rules set out in *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985); *First Federal Savings & Loan Association of San Antonio v. Ritenour*, 704 S.W.2d 895, 901 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.); *Major Investments, Inc. v. DeCastillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. The reviewing court, in determining whether a fact issue exists, must take all evidence favorable to the nonmovant as true. Every reasonable inference must be indulged, and every doubt resolved, in favor of the non-movant.

■ By his first point of error, appellant, Jose Ramirez, argues that the trial court erred in granting the motion for summary judgment because limitations does not bar an action where a party files a petition within the statutory time limit, names an incorrect plaintiff, and then amends the petition to state the correct plaintiff after limitations have run. This is true, according to the appellants, as long as the defendant was not misled and was aware of all of the facts of the case.

By moving for summary judgment on the basis of the running of limitations, appellee, Sweeney's Jewelers, assumed the burden of establishing as a matter of law that appellant's, Jose Ramirez', suit was barred by the statute of limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Salazar v. Amigos Del Valle, Inc.*, 754 S.W.2d 410, 412 (Tex.App.—Corpus Christi 1988, no writ); *De Leon Torres v. Johns*, 706 S.W.2d 693, 695 (Tex.App.—Corpus Christi 1986, no writ). We hold that appellee, Sweeney's Jewelers, met its burden.

Conversion is governed by a two-year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). When the original possession is lawful, the statute of limitations in an action for conversion does not commence to run until a demand for possession by a claimant and a refusal to return by one in lawful possession. *Rorie v. Dempsey—Tegeler & Co., Inc.*, 515 S.W.2d 332, 333 (Tex.Civ.App.—Eastland 1974, no writ). Also, an action for negligence accrues at the time of the act or omission which constitutes the alleged negligence, and the two-year statute of limitations applies. *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375, 386 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986).

The original petition filed by Carlos Ramirez on August 29, 1986, alleges that on September 8, 1984, he demanded possession of the watch from appellee, Sweeney's Jeweler's, and on that same date, they were not able to return the watch to him. Thus, limitations for his alleged causes of action for conversion and negligence commenced to run on September 8, 1984. *See Rorie*, 515 S.W.2d at 333; *Shapiro*, 575 S.W.2d at 386.

Nevertheless, appellant's, Jose Ramirez', suit for conversion and negligence against appellee, Sweeney's Jewelers, is barred by limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986) states in pertinent part that if a filed pleading relates to a cause of action that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitations unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

In the present case, appellant, Jose Ramirez, alleges in his second amended original petition filed on July 23, 1987, that he purchased the watch from appellee, Sweeney's Jewelers, that he returned it to them for repairs, and that on September 8, 1984, he demanded the watch's return, but that they could not return the watch. Appellant's, Jose Ramirez', suit is not one in intervention, and does not mention that he is in privity with Carlos Ramirez. This suit does not state that he is being substituted in the stead of Carlos Ramirez, or that he received his interest by assignment from Carlos Ramirez. The Jose Ramirez suit does not in any way set up a legal relationship with Carlos Ramirez that would toll the statute of limitations. We conclude that appellant's, Jose Ramirez', second amended original petition is "wholly based on a new, distinct, or different transaction or occurrence." *See* Tex.Civ.Prac. & Rem. Code Ann. § 16.068 (Vernon 1986). Therefore, appellant's Jose Ramirez', suit for conversion and negligence, filed well after the expiration of the two-year limitations period, is barred. *See Rorie*, 515 S.W.2d at 333; *Shapiro*, 575 S.W.2d at 386.

The summary judgment evidence submitted on behalf of appellant, Jose Ramirez, consists of an affidavit given by the Hon. D.J. Lerma. Mr. Lerma states that he is the attorney for both Carlos Ramirez and appellant, Jose Ramirez. He states that he filed suit in this case, and at that time, he filed suit in the name of Carlos Ramirez as Carlos Ramirez was the attorney representing appellant, Jose Ramirez, his brother, who filed suit against appellee, Sweeney's Jewelers. To be sufficient, an affidavit must in some way affirmatively show how the affiant became personally familiar with the facts in order to be able to testify as a witness. A self-serving recitation of the facts does not satisfy the requirement. Tex.R.Civ.P. 166a(e); *Jackson T. Fulgham Co., Inc. v. Stewart Title Guaranty Co.*, 649 S.W.2d 128, 130 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). Mr. Lerma's affidavit does not say how he became personally familiar with the facts alleged. Therefore, his affidavit is incompetent evidence in contravention of the summary judgment. *See* Tex.R.Civ.P. 166a(e). The first point of error is overruled.

By his final point of error, appellant, Jose Ramirez, argues that the trial court erred by failing to make and file

findings of fact and conclusions of law following a timely and proper request.

The law is well settled in Texas that findings of fact and conclusions of law have no place in a summary judgment proceeding. *State v. Easley,* 404 S.W.2d 296, 297 (Tex.1966); *Chopin v. Interfirst Bank Dallas NA,* 694 S.W.2d 79, 85 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

Because of our disposition of points of error one and three we need not review the merits of point of error number two.

The judgment of the trial court is AFFIRMED.