Kenneth E. **LANDERS, Appellant,**

v.

**TEXAS AMERICAN BANK/FORT WORTH, N.A., Appellee.**

Nos. 2–89–217–CV, 2–89–218–CV.

Court of Appeals of Texas, Fort Worth.

March 28, 1990.

Busch, Ryan & Seib and Eric D. Ryan, Dallas, for appellant.

Kelly, Appleman, Hart & Hallman and Daniel W. McDonald, Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

## OPINION

DAY, Justice.

Kenneth E. Landers appeals from the entry of summary judgments in two cases brought by appellee bank. The procedural history of both cases is identical and we affirm both summary judgments.

In June of 1988, appellee filed both cases against Landers based upon notes which he executed. Counsel for Landers responded by sworn general denials. On July 15, 1988, appellee filed a motion for summary judgment in each case. Both motions were set for hearing on December 1, 1988. On November 14, 1988, counsel for Landers filed a motion for continuance of the December 1st hearing, and appellee contested the motion. The trial court granted Landers' motion for a continuance and reset the hearing for December 27, 1988. The hearings on the motions for summary judgment were not held on December 27, 1988, and were reset for hearing on March 31, 1989. On February 8, 1989, with Landers' consent, the trial court permitted the withdrawal of Landers' counsel. At Landers' request, the March 31, 1989 hearing was postponed and reset for May 25, 1989.

One week before the May 25th setting, Landers filed a *pro se* motion for continuance which was not verified or supported by affidavit. The trial court prior to hearing appellee's motions for summary judgment, held a hearing on Landers' motions for continuance. During the hearing, Landers testified and offered exhibits which established his knowledge that he knew as early as December of 1988 that his counsel had conflict problems in representing him. He testified that in the ensuing months, he had visited with a number of attorneys who had been unable to represent him because of real or perceived conflicts.

The trial court denied Landers' motions for continuance and proceeded to take up the matter of appellee's motions for summary judgment. Appellee's motions for summary judgment had been filed over ten months at the time of the May hearing and neither Landers nor his former counsel had filed any answer or response to appellee's motions. The trial court granted summary judgments to appellee in both cases.

In Landers' first point of error, he contends the trial court abused its discretion in denying his motions for continuance. This court may not disturb the trial court's

**164**

action unless the record discloses a clear abuse of discretion. *Villegas v. Carter,* 711 S.W.2d 624 (Tex.1986); *State v. Crank,* 666 S.W.2d 91 (Tex.1984); *Hernandez v. Heldenfels,* 374 S.W.2d 196 (Tex.1963). We observe that Landers' former counsel had a period of over six months in which to file a response to appellee's motions for summary judgment or to object to appellee's summary judgment evidence and failed to do so. We also note that after the withdrawal of Landers' counsel on February 7, 1989, Landers had almost four months in which to employ a substitute counsel.

As the supreme court noted in *Villegas,* when the ground for a continuance is the withdrawal of counsel, the movant must show that his failure to be represented at trial was not due to his own fault or negligence. We have carefully reviewed Landers' testimony at the hearing held on his motion for a continuance and find that Landers wholly failed to meet his burden of proof on the issue of his own fault and negligence in failing to obtain counsel.

Landers' contention that the trial court abused its discretion in denying his motions for continuance is not supported by the record. Landers' first point of error is overruled.

■ In his second point of error, Landers contends that the trial court erred in entering summary judgments against him because the summary judgment affidavits sworn to by appellee's vice-president were not based on the officer's personal knowledge and contained impermissible conclusions and opinions.

We have carefully reviewed appellee's affidavits in support of its motions for summary judgment. Both affidavits were sworn to by John Hudgens, who stated that he was competent to make the affidavits and to testify to the facts contained because of his personal knowledge of the facts. Hudgens stated that his personal knowledge was based on his having been a vice-president of appellee during all times pertinent to the operative facts. In his attack on the sufficiency of the summary judgment affidavits, Landers cites us to four decisions, which we find totally inap-posite to his contention. *Fair Woman, Inc. v. Transland Management,* 766 S.W.2d 323 (Tex.App.—Dallas 1989, no writ); *Hidalgo v. Surety Savings & Loan Ass'n,* 487 S.W.2d 702 (Tex.1972); *Ramirez v. Gordon's Jewelry Co.,* 763 S.W.2d 34 (Tex.App.—Corpus Christi 1988, no writ); *Harley–Davidson Motor Co. v. Young,* 720 S.W.2d 211 (Tex.App.—Houston [14th Dist.] 1986, no writ).

In *Fair Woman,* the summary judgment affidavit was held to be defective because the court was presented with a situation where the affiant failed to state by whom she was employed or what connection she had to the parties or any of the operative facts. *Fair Woman,* 766 S.W.2d at 324. The court held the summary judgment affidavit in *Ramirez* to be defective since the affiant failed to state how he had become personally familiar with the facts alleged. *Ramirez,* 763 S.W.2d at 37.

In *Hidalgo,* the non-movant had filed an affidavit in response to the motion for summary judgment in which she averred failure of consideration and fraudulent inducement. *Hidalgo,* 487 S.W.2d at 703. The non-movant's sworn deposition also raised failure of consideration and fraudulent inducement issues. The supreme court held that the movant's affidavit averring consideration and holder in due course status were conclusions and not competent summary judgment evidence. *Id.*

In *Harley–Davidson,* the movant's affidavit was held to be defective for a number of reasons which have no application whatsoever to the instant case. The court held that movant's affidavit averring that the conduct of *Harley–Davidson* was a producing cause of movant's damages was no more than an opinion or conclusion of the movant and could not be considered competent summary judgment proof. The court also held that movant's affidavit averments to the effect that movant "viewed the conduct of defendants" as having been committed knowingly at a time when defendants were actually aware of the falsity, deception, and unfairness of their conduct were nothing more than the opinions and conclusions of the movant and insufficient

to support the summary judgment against *Harley–Davidson.* *Id.* 720 S.W.2d at 217.

The cases cited by Landers do not support his contention that appellee's affidavits are defective. Here, appellee's vice-president, in the summary judgment affidavits, has made unchallenged statements that he is the vice-president of appellee and has personal knowledge of the facts sworn to. We find appellee's affidavits fully sufficient to support the summary judgment and overrule Landers' second point of error.

The judgments of the trial court are affirmed.