**Jesse FLORES, Appellant,**

v.

**Sherry Ann LIVELY, Appellee.**

**No. 13–91–016–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1991.

Rehearing Overruled Oct. 17, 1991.

Paul Dodson, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

Scott T. Cook, William A. Dudley, Scott T. Cook & Associates, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY, and HINOJOSA, JJ.

SEERDEN, Justice.

### OPINION

This is an appeal from a judgment in which Sherry Ann Lively was awarded $15,500 in actual damages and $50,000 in punitive damages against her former husband, Jesse Flores, for negligent transmission of genital herpes. Flores appeals, alleging that Lively's cause of action was barred by limitations. We reverse and render judgment in favor of Flores.

Flores and Lively were married in 1981. In September 1982, Flores was diagnosed with genital herpes. Both Lively and Flores were advised by the diagnosing doctor regarding certain procedures to take to minimize the possibility of transmission of the disease to Lively. Lively was diagnosed with the disease no later than January 1983.

In April 1989, Lively sued Flores for personal injury in conjunction with a divorce action. On the date of trial, the parties agreed to the divorce and property settlement and went to trial solely on the personal injury suit. A jury found that both parties' negligence caused the transmission of herpes to Lively, and attributed 51 percent negligence to Flores and 49 percent to Lively.

By his first point of error, Flores contends that the trial court erred in entering judgment in favor of Lively because her claim is barred by limitations. Evidence introduced at trial established that Lively acknowledged having herpes in December 1982 and was officially diagnosed with the disease in January 1983. Therefore, Flores submits, Lively should have filed her suit no later than January 1985, because of the general principle that the two year statute of limitations governs a tort suit for negligence. *See Ramirez v. Gordon's Jewelry Co.*, 763 S.W.2d 34, 37 (Tex.App.—Corpus Christi 1988, no writ). Lively claims that her cause of action did not begin to accrue until June 24, 1987, when the Texas Supreme Court handed down the decision of *Price v. Price*, 732 S.W.2d 316 (Tex.1987), which abolished the common-law defense of interspousal immunity.

Limitations begins to run when a cause of action accrues; by "cause of action," it is meant the right to institute suit. *Hercules Exploration, Inc. v. Halliburton Co.*, 658 S.W.2d 716, 719 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). The right to institute suit for negligence occurs when a legal injury is sustained, *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967), or when facts come into existence which authorize one to seek a judicial remedy.

*Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977).

In the instant case, Lively had the right to sue Flores anytime from when she became aware that Flores had transmitted the disease to her until the statute of limitations ran two years later. *Price* did not create a new cause of action; it abolished a defense. Had Lively sued Flores during the two year period after she discovered the transmission, Flores could have asserted the defense of interspousal immunity. If he had failed to raise the defense, however, Lively could have taken a judgment against him. *See Stafford v. Stafford*, 726 S.W.2d 14, 15 (Tex.1987). In *Stafford*, which was handed down prior to *Price*, a wife counterclaimed in a divorce suit for transmission of venereal disease. Mr. Stafford did not assert the interspousal immunity defense, which was valid at the time. The Supreme Court held that Mr. Stafford had waived this defense because of his failure to plead and prove it. While Lively's suit may have been defeated by the interspousal immunity defense prior to *Price*, she still had the right to institute suit and argue, as did the plaintiff in *Price*, that the interspousal immunity defense should be abolished. Had the Supreme Court agreed with her, as they did with *Price*, she would have prevailed and the defense would have been abolished. Appellant's first point of error is sustained. Because of our disposition of this point of error, it is unnecessary to discuss appellant's remaining point. *See* Tex.R.App.P. 90(a). The judgment of the trial court is reversed and rendered that Lively take nothing.

KENNEDY, J., dissents.

KENNEDY, Justice, dissenting.

I respectfully dissent. Based on the facts set out in the majority opinion, I would affirm the trial court's judgment.

The majority states that Lively had the right to sue Flores anytime during the two year limitation period following her discovery that she had contracted venereal disease. If Flores failed to raise the defense of interspousal immunity, which was available to him during the two years following her discovery, Lively could take a judgment against him.

It seems a harsh imposition on Lively to require her to file suit and then hope Flores commits some procedural error or makes a mistake such that ultimately she prevails in her cause of action. The majority view places a heavy burden upon a litigant to bring a lawsuit that will fly directly into the face of established law. I believe it unrealistic to expect a party to spend time, money, and energy litigating a cause of action that directly confronts well established law on the dim hope that it will be the case that changes the law.

To require a party to pursue a cause of action for which no right of action exists or, as in this case, a known bar to recovery precludes a claim, in the hope that the opposing party will commit some error or waive certain rights, I believe is unjust. I would affirm the trial court's judgment in favor of Lively.