Jerry R. JONES, Appellant,

v.

RESOLUTION TRUST CORPORATION, Conservator for Sunbelt Federal Savings, FSB, Appellee.

No. 2–91–157–CV.

Court of Appeals of Texas, Fort Worth.

April 21, 1992.

Rehearing Denied June 9, 1992.

Hill, Heard, Gilstrap, Goetz & Moorhead, Frank Gilstrap, Arlington, for appellant.

Haynes and Boone, L.L.P., Terry S. Boone and Benjamin H. Davidson, II, Fort Worth, for appellee.

Before WEAVER, C.J., and HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Jerry R. Jones, a real estate appraiser, which arises out of three promissory notes given to a failed thrift institution. This case is before us after the trial court denied Jones's motion for summary judgment while granting the same for Sunbelt Savings, FSB ("New Sunbelt"). Jones asserts that the trial court erred in granting summary judgment against him because: (1) the appellee is not entitled to rights under the *D'Oench, Duhme* doctrine, the federal holder in due course doctrine, or 12 U.S.C. § 1823(e) (12 U.S.C.S. § 1823(e) (Law Co-op. Supp. 1991)); (2) the grounds set forth in the appellee's motion for summary judgment provide no legal basis for the appellee to recover on the notes; and (3) the supporting affidavits failed to show the affiant's competency and because the affidavit was not attached to the summary judgment motion.

We affirm.

## Statement of Facts

In January of 1984, Jones executed a $131,200.00 fixed rate promissory note for the purchase of a duplex in Burleson, Texas, to Savings West which became Sunbelt Savings of Texas ("Old Sunbelt"). Then, in 1985, Jones gave two more promissory notes to Old Sunbelt for the purchase of two duplexes in Grapevine, Texas, each note in the amount of $45,049.00.

This suit against Old Sunbelt was commenced in 1988 after a proposed 1986 sale of the Burleson duplex fell through. Jones alleged that Old Sunbelt would not allow the proposed purchaser to assume the note unless the principal was reduced by five percent. As a result of Old Sunbelt's demands, Jones alleged that he lost the sale of the duplex. Also, Jones claimed that this scenario repeated itself in 1987 when he found another buyer for the duplex, only to have Old Sunbelt once again demand a five percent principal reduction. Finally, Jones maintained that he located a buyer who would assume his loan on the Grapevine duplexes only to have Old Sunbelt refuse to permit the transfer due to an alleged shortage in Jones's escrow account.

Approximately one month after the present suit was filed, Old Sunbelt was declared insolvent and the Federal Savings and Loan Insurance Corporation (FSLIC) was appointed as receiver. A newly chartered thrift, Sunbelt Savings, FSB ("New Sunbelt") was approved as a purchaser. This suit was temporarily removed to federal court and then remanded back to state court where the alleged error which forms the basis of this appeal occurred. Jones's appeal complains of the trial court's granting of the appellee's motion for summary judgment. The trial court entered judgment that New Sunbelt recover $180,870.18 from the appellant for its counterclaim on the note, plus interest and attorney's fees.

## Appellant's Points of Error

In his first point of error, Jones asserts that the trial court erred in granting the appellee's summary judgment in that New Sunbelt is not entitled to rights under the *D'Oench, Duhme* doctrine, the federal holder in due course doctrine, or 12 U.S.C. § 1823(e). In summary, the appellant contends that the *D'Oench, Duhme* doctrine and the federal holder in due course doctrine are federal common law doctrines which have been preempted by 12 U.S.C. § 1823(e). Jones claims that in order for New Sunbelt to avoid his state law claims and defenses, such must be based upon section 1823(e). We do not agree with Jones in this conclusion. While the

appellant does accurately review the current Supreme Court's position regarding implied judicial remedies, this court is not prepared to overrule decades of federal common law based upon the general notion that implied judicial remedies are in disrepute.

The *D'Oench, Duhme* doctrine bars claims and defenses based upon agreements and representations that are not apparent in a failed financial institution's records. *D'Oench, D. & Co. v. Federal Deposit Ins. Corp.,* 315 U.S. 447, 457–60, 62 S.Ct. 676, 679–81, 86 L.Ed. 956, 962–63 (1942); *Resolution Trust Corp. v. Murray,* 935 F.2d 89, 93 (5th Cir.1991); *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 783–84 (5th Cir.1989). In addition, we have been unable to locate any case that has held that section 1823(e) has preempted the *D'Oench, Duhme* doctrine. In fact, the Fifth Circuit has spoken emphatically on this point—maintaining that the common law doctrine of *D'Oench* is not limited by the terms of section 1823(e) and that *D'Oench* and section 1823(e) are not identical in scope. *See Federal Sav. & Loan Ins. Corp. v. Griffin,* 935 F.2d 691, 698 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *Federal Deposit Ins. Corp. v. McClanahan,* 795 F.2d 512, 514 n. 1 (5th Cir.1986).

Likewise, we do not find that the federal holder in due course doctrine is statutorily preempted by section 1823(e). The federal holder in due course doctrine precludes the makers of promissory notes from later asserting various "personal" defenses against the Federal Deposit Insurance Corporation (FDIC) in cases involving purchase and assumption transactions of insolvent banks. *Campbell Leasing, Inc. v. FDIC,* 901 F.2d 1244, 1248 (5th Cir.1990). In addition, this holder in due course protection extends to subsequent holders of the notes. *Id.* We find it difficult to follow the appellant's argument that section 1823(e), enacted over four decades ago, preempts a federal common law doctrine which was adopted in 1982. *See id.* at 1248–49. We hold that neither the *D'Oench, Duhme* doctrine nor the federal holder in due course doctrine is preempted by section 1823(e).

The appellant's first point of error is therefore overruled.

■ In his second point of error, Jones complains that the trial court erred in granting the appellee's motion for summary judgment because there was no legal basis for such. In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); TEX. R.CIV.P. 166a. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

Based upon Jones's discussion in his brief under this point of error, it appears that he is complaining that New Sunbelt failed in its summary judgment motion to claim that it was the owner and holder of the note, that the note was due, and that the note remained unpaid. However, the affidavit of Jack P. Odom which was filed contemporaneously with the motion for summary judgment and referenced in the summary judgment motion, specifically made the claims which Jones asserts were lacking. After reviewing this uncontroverted evidence, we hold that New Sunbelt did sufficiently prove each element of its promissory note claim. The Odom affidavit showed that: (1) Jones was the maker of the note; (2) the note was in default; (3) New Sunbelt was the owner and holder of the note; and (4) a sum certain was due and owing on the note. The appellant's second point of error is overruled.

■ In Jones's third point of error, he argues that the trial court erred in granting New Sunbelt's motion for summary judgment because the supporting affidavits failed to show the affiant's competency and because Odom's affidavit was not attached to the summary judgment motion. First, we will address the issue of whether Odom's affidavit failed to demonstrate his

competency. In his brief under this point, Jones primarily complains about Odom's affidavit in support of his summary judgment motion when this case was in federal court; however, we will limit the scope of our review to the evidence before the state trial court when it granted the appellee's motion for summary judgment. Odom's affidavit which was filed on November 8, 1990, contemporaneous with the appellee's motion for summary judgment, states:

1. My name is Jack P. Odom. I am a bank officer of Sunbelt Savings, FSB ("Sunbelt"). I am over the age of eighteen years. I have never been convicted of a crime involving moral turpitude, and am fully competent to make this Affidavit.

2. I am personally familiar with all of the books and records of Sunbelt regarding Jerry R. Jones. These records and books, of which I am an acting custodian, are prepared and maintained in the regular course of Sunbelt's business by individuals who have personal knowledge of the facts set out therein. Such records were prepared at or near the time of the occurrence of the acts, events or conditions made a part of such records. It was and is the regular practice of Sunbelt to make such records.

3. I have personal knowledge of the facts stated herein, having reviewed all applicable Sunbelt records, as well as having done actual work on the credits, and state that the facts are true and correct.

Odom's affidavit affirmatively shows that he was competent to testify to the matters stated therein. *See* TEX.R.CIV.P. 166a(f); *see also Waite v. BancTexas–Houston, N.A.*, 792 S.W.2d 538, 540–41 (Tex.App.—Houston [1st Dist] 1990, no writ) (affiant need not have been employed at the bank at the time of the origination of the transaction in question if he gained knowledge of the facts testified to during his employment and if he is or was responsible for such loans as those in question); *Landers v. Texas American Bank,* 788 S.W.2d 162, 164–65 (Tex.App.—Fort Worth 1990, no writ). In the present case, Odom made

unchallenged statements as to his position with New Sunbelt as well as his personal knowledge of the facts sworn to. We find Odom's affidavit is fully sufficient to support the summary judgment.

Finally, we will address the assertion by the appellant that Odom's affidavit was not attached to the appellee's summary judgment motion. Contrary to the impression left by the appellant in his brief, the supplemental transcript in this case demonstrates that Odom's affidavit was filed contemporaneous to the filing of the appellee's motion for summary judgment. Also, this affidavit was specifically referred to in New Sunbelt's motion for summary judgment. We find no merit in the appellant's complaint regarding the filing of Odom's affidavit. Jones's third point of error is overruled.

The judgment of the trial court is affirmed.